STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
PETER CAMPISI, DEFENDANT-APPELLANT.

Argued February 4, 1957—Decided March 11, 1957.

*Mr. A. Howard Finkel* argued the cause for the appellant (*Mr. Michael L. Mango,* attorney).

*Mr. C. William Caruso,* Special Legal Assistant Prosecutor, argued the cause for the respondent (*Mr. Charles V. Webb, Jr.,* Essex County Prosecutor, attorney).

The opinion of the court was delivered by

·OLIPHANT, J. The defendant-appellant was tried and convicted in the Municipal Court of Newark on February 15, 1956, on two separate complaints, each charging a violation of the Disorderly Persons Act. Complaint No. 9037 charged that on January 22, 1956 the defendant did have in his possession a hypodermic needle in violation of *N. J. S.* 2*A*:170–77.1. Complaint No. 9024 charged that the defendant "did use a narcotic drug, *to wit heroin,* as defined in *Article* I of *Chap.* 18 of *Title* 24 of the *Revised Statutes* * * * in violation of *N. J. S.* 2*A*:170–8." The charges in the two complaints were tried together by consent. The court suspended the sentence on the conviction for possession of the hypodermic needle and on the conviction as a narcotics user sentenced the defendant to the county penitentiary for one year, but suspended the sentence and placed him on probation for one year.

He appealed his convictions to the Essex County Court and that court convicted him on the record made below on both charges and imposed the same sentences as the municipal court had imposed.

The defendant then appealed to the Appellate Division, claiming that the municipal court erred in not dismissing both complaints at the close of the State's case, and that the County Court erred in not dismissing both complaints for insufficient evidence. The Appellate Division affirmed the convictions on both the complaints, with a dissent filed on the conviction of the defendant on the charge the defendant did unlawfully use a narcotic drug, to wit heroin.

The appellant appealed to this court and has argued the same propositions he argued before the Appellate Division

as to both convictions, assuming that such was his right by virtue of the dissent in the Appellate Division. *Art.* VI, *Sec.* V, *par.* 1(*b*), *Constitution* 1947, and *R. R.* 1:2-1(*b*) permit an appeal to this court as a matter of right where there is a dissent in the Appellate Division. But where two separate judgments are consolidated and argued on appeal and both affirmed, the fact that there is a dissent only as to the affirmance of one of the judgments does not give the appellant the right to appeal to this court as a matter of right from the other judgment of affirmance.

The conviction and appeal of the defendant on complaint No. 9037 remained a separate and distinct criminal charge, judgment and cause for the purposes of his appeal as of right under the Constitution and the rule. When the conviction on this complaint was unanimously affirmed in the Appellate Division his appeal as of right was exhausted. He could appeal from such affirmance to this court only on certification granted under *R. R.* 1:10. *Cf. Pangborn v. Central R. R. Co. of N. J.*, 18 *N. J.* 84, 91 (1955).

For these reasons the appeal from the affirmance by the Appellate Division of the conviction for the possession of a hypodermic needle on complaint No. 9037 will be dismissed with the observation that we examined the record and found the conviction supported by competent evidence. *State v. Rogers*, 19 *N. J.* 218 (1955); *State v. Kollarik*, 22 *N. J.* 558 (1956).

Turning to the affirmance of the conviction of the defendant as a narcotic user, the complaint in that cause alleges a violation of *N. J. S.* 2A:170-8, which provides:

"Any person who uses a narcotic drug, as defined in article 1 of chapter 18 of Title 24 of the Revised Statutes (Foods and Drugs), the uniform narcotic drug law, for a purpose other than the treatment of sickness or injury as prescribed or administered by a person duly authorized by law to treat sick and injured human beings, is a disorderly person."

And narcotic drugs are defined in *N. J. S. A.* 24:18-2 as follows:

"a. 'Narcotic drugs' means coca leaves, amidone, opium, marihuana, isonipecaine and every substance not chemically distinguishable from them.

\*     \*     \*     \*     \*     \*     \*     \*

(2) 'Opium' includes morphine, codeine and heroin and any compound, manufacture, salt, derivative, mixture, or preparation of opium."

The complaint No. 9024 specifically charged that defendant on or about the 9th or 10th day of January 1956 "did use a narcotic drug, *to wit, heroin.*"

The testimony is that at the time of the arrest the detectives found some white powder in the box with the hypodermic needle which, after a field test, a detective suspected to be heroin. The white powder had been sent to a chemist for a test and the final analysis would come from the chemist to whom it was sent. Somehow the chemist's report was never submitted and the only explanation by the State is that "failure to submit the chemist's report was only an oversight."

The proofs as to the defendant being a user of heroin was supplied by a city detective and a federal agent testifying as experts as to what they considered to be "withdrawal symptoms" they observed in the defendant on January 22, 1956, and other characteristics of a narcotic user. The federal agent admitted that some of the symptoms might be the result of other causes and he could not testify as to diseases which might cause the same symptoms because he was not a doctor. A large part of their testimony was devoted to the technique of narcotic users and the observable physical aspects in the user. The only other testimony, which was not corroborated by others present, was that of the detective who said the defendant admitted to him that he used heroin on January 9 or 10.

The Appellate Division found and we also find that the State failed to prove the powder was heroin, and the defendant was a user of heroin. Defendant contends this was an essential of the State's burden of proof and failure to prove the allegation of the use of heroin is fatal to the affirmance of the conviction.

The majority opinion of the Appellate Division affirming the conviction proceeds on the theory that the description of the drug as heroin in the complaint was merely surplusage and that the . defendant was not prejudiced by the failure of the State to prove that the powder or the drug used was heroin. The opinion seeks support for that theory in the cases of *Madison v. State of Indiana,* 234 *Ind.* 517, 130 *N. E.* 2d 35, 36 (*Sup. Ct.* 1955), and *Berger v. United States,* 295 *U. S.* 78, 82, 55 *S. Ct.* 629, 79 *L. Ed.* 1314 (1935).

Relying on the *Berger* case, they held that the defendant was not misled in the preparation of his defense by the reference to heroin since his defense was a general denial that he had ever used any narcotic drug anytime, anywhere. They further held that the charge was sufficiently specific so that in any event, after jeopardy attached, he will be protected if a second like charge is filed covering the same facts and evidence. They held that if the complaint had omitted any reference to heroin it would have been impregnable to attack.

The objection here goes beyond the problem of whether the complaint sufficiently apprised the defendant of the crime with which he was charged. For this it clearly did. The complaint might have conceivably been good if it had omitted the reference to heroin and had referred to the use of "narcotic drugs" followed by the recitation of the statute which immediately would refer the defendant to the definition of "narcotic drugs" found there. The defendant then would have been entitled to a bill of particulars and the State would have been bound to prove that the drug used was heroin.

Here the objection goes to the general substance of the violation of law defined in the statute and the deficiency is a failure of proof that the narcotic drug used was within the legislative definition. This observation is complete in itself and needs no further support by reference to the principles of strict construction of penal statutes.

A person can only be convicted as a disorderly person for a violation of *N: J. S.* 2A:170–8, when, and if, the State

proves he is a user, not just of any narcotic drug, but of a narcotic drug as defined in *N. J. S. A.* 24:18–2. The Legislature could, if such was its intent, have used the definition of a narcotic or narcotic drug found in any dictionary. But this it did not do. Instead, the definition of "narcotic drugs" in *N. J. S. A.* 24:18–2 consists of a specification *eo nomine* of the prohibited narcotic drugs and their named derivatives together with every substance not chemically distinguishable from them. A reading of the Uniform Narcotic Drug Law, *N. J. S. A.* 24:18–1 *et seq.*, in which "narcotic drugs" are defined, makes it very clear there could not be a conviction of a high misdemeanor under that statute unless the State charged and proved a misuse of one of the prohibited drugs defined therein.

■■ The very essence of the charge of a violation under *N. J. S.* 2A:170–8 is that a defendant is a user of one or more of these prohibited narcotic drugs. When such narcotic drug is not named in the complaint, it must be furnished by a bill of particulars. Proof as to the use of any narcotic drug or the general reactions to narcotic drugs is not sufficient. This is clear from a reading of the statute and these related statutes must be so construed. Therefore, the failure to offer proof that the white powder was heroin or that the defendant was a user of heroin must result in a reversal of the conviction of the appellant as a user under complaint No. 9024.

The legal fact that a violation of *N. J. S.* 2A:170–8 results only in a conviction as a disorderly person rather than a conviction for a high misdemeanor or a misdemeanor is no reason for laxity in the procedure or a lowering of the quality and safeguards as to the proof of the essential element of the charge.

It is a laudable purpose of the State to rehabilitate such unfortunate persons, but it is no excuse for such laxity to say that the rehabilitation of such defendant may result from his conviction of this minor offense. The answer to that is that a conviction of a defendant on a complaint

unsupported by essential proofs is a deprivation of his liberty by a trespass on his constitutional rights.

The two experts testifying below testified generally as to withdrawal symptoms present in narcotic drug users. These men were qualified by the trial court in a rather informal manner, but the Appellate Division, on the authority of *Crosby v. Wells,* 73 *N. J. L.* 790, 798 (*E. & A.* 1907); *Fenias v. Reichenstein,* 124 *N. J. L.* 196, 200 (*Sup. Ct.* 1940), felt they were sufficiently qualified generally to testify as they did. See also *State v. Arthur,* 70 *N. J. L.* 425 (*Sup. Ct.* 1904); *State v. Smith,* 21 *N. J.* 326, 333 (1956).

We agree that the city detective was qualified on the basis of his practice and observation as to narcotic drug users, and Olivera, the federal agent, both on the basis of practice and some training, and that they were qualified to testify generally as to the reaction of narcotic drug users generally and of the technics of the use. Since there are obvious differences in the reactions of users of the prohibited narcotic drugs we make the observation their testimony, if the defendant is retried, will have to be limited to such matters as can be justified under their qualifications without any invasion into the fields of chemistry, medicine or psychiatry. As to some of the symptoms the federal agent readily admitted he was not qualified since they were in the medical field.

The appeal from the affirmance of the conviction on complaint No. 9037—possession of a hypodermic needle, is dismissed. The conviction of the defendant-appellant on complaint No. 9024 is reversed for the failure of the State to prove the essential element of the charge that the drug was heroin. The cause is remanded to be proceeded with consistent with the views expressed in this opinion. *State v. Lamoreaux,* 20 *N. J. Super.* 65, 76 (*App. Div.* 1952); *State v. Labato,* 7 *N. J.* 137, 143 (1951).

*For reversal and dismissal*—Chief Justice VANDERBILT, and Justices OLIPHANT, BURLING and WEINTRAUB—4.

*For affirmance*—Justices WACHENFELD and JACOBS—2.