347 P.2d 166

STATE of New Mexico, Plaintiff-Appellee,

v.

Charles PLATTER, Defendant-Appellant.

No. 6520.

Supreme Court of New Mexico.

Nov. 23, 1959.

274

William W. Osborn, Roswell, for appellant.

Frank B. Zinn, Atty. Gen., Hilton A. Dickson, Jr., Asst. Atty. Gen., and Paul P. Shwartz, Special Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

Defendant-appellant was convicted in the justice's court of Precinct No. 1, Roswell, New Mexico, of reckless driving contrary to § 64–22–3 of 1953 Compilation. From this conviction and judgment appellant appealed to the district court of Chaves County. On trial in the district court he again was found guilty of reckless driving and was sentenced to serve sixty days in the Chaves county jail and ordered to pay a fine of $100 and costs in the sum of $5. The jail sentence was suspended pending the further order of the court. From this judgment and sentence this appeal is prosecuted.

§ 64–22–3, supra, provides:

"Any person who drives any vehicle carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others and without due caution and circumspection and at a speed *or in a manner so as to * *. * be likely to endanger* any person or property, is guilty of reckless driving."

The facts are these: On June 13, 1957, the appellant was driving his automobile from Artesia, New Mexico, where he had been to see his physician and dentist, to

Roswell, New Mexico. At approximately 8:30 in the evening of said day, while entering, going through and leaving the city of Dexter, New Mexico, appellant drove his car on the wrong side of the road and also crossed back and forth from side to side of the highway while traveling between ten and fifteen miles an hour, but increased his speed to between twenty five to thirty miles an hour at the time he was stopped.

Under Point 1 appellant claims that "the judgment and sentence of the trial court are not supported by substantial evidence." This claim of error must be rejected.

Raymond L. New, a state policeman, testified that as he and Walter Grant, the town marshall of Dexter, New Mexico, were coming into the city limits of Dexter, in a state police car, they noticed the appellant traveling north toward Roswell, New Mexico; that he was driving on the wrong side of the road very slowly; that they followed him going around a curve which he took in the middle of the road; that he drove back to the right side of the road and then back over to the opposite side and crossed the Hagerman Canal bridge in the middle of the road; that there was no on-coming traffic at the time; that they proceeded to stop him with a red light and siren which he did not obey right away; that they followed him a quarter of a mile on west of the bridge before they got him stopped and he was then traveling between twenty five and thirty miles per hour; and that this highway customarily carries heavy traffic. The above testimony was corroborated by Walter Grant, town marshall of Dexter, New Mexico.

On cross-examination officer New testified:

"Q. And you did not turn your red light and siren until after he had gone around the curve, the *big* curve there at Virgil Henry's and gone on across the Hagerman Canal which is at the edge of Dexter? A. No, sir, we turned our red light on before the man crossed the canal. After he went on the wrong side of the road *I became alarmed because there could be some traffic meeting him and I wanted to get him stopped before he would have a collision.*"

"Q. After you made that 90 degree turn starting west the road runs approximately 1½ miles or 2 miles straight west with clear visibility before it turns north again? A. No, sir, it runs about ½ mile to the *next curve.*"

In addition to the above testimony there was ample evidence, in the record, of a substantial nature, submitted on the question of appellant's reckless driving to justify the judgment rendered by the court and the sentence based thereon. Where there is substantial evidence to support a judg-

ment, the same will not be disturbed on appeal, a rule too often laid down in this court to require citation of authority.

■ Under Point 2 appellant claims that the trial court erred "in allowing evidence of intoxication when the defendant had been acquitted by a jury of the crime." This claim must also be rejected.

We are of opinion, and so hold, that the trial court did not err in allowing the witness Raymond L. New, a state police officer, to testify: "I thought the man was intoxicated; and I base my opinion on his speech, acts and walk", over the objection "that this man was tried on a charge of driving while under the influence of intoxicants and found not guilty, * * *." In his brief appellant argues "that since the defendant had been tried and acquitted for driving while under the influence of intoxicating liquors on the same facts under which he was presently charged, it is his opinion that any testimony in the case at issue concerning intoxication was *irrelevant.*"

We think the testimony was competent, as bearing on the issue of reckless driving, to prove all of the circumstances at the time of the alleged criminal act, including appellant's condition, movements, and conduct. His condition, together with his movements and conduct at the time of the alleged criminal act, was a circumstance of such character, which, when taken in connection with the other factors and cir-

cumstances according to the common course of events, tended to establish the truth of the matter in issue and was relevant. As hereinabove shown, there was other evidence that the automobile was driven from one side of the road to the other and at times it was driven entirely on the wrong side of the road. Cf. State v. Sisneros, 42 N.M. 500, 82 P.2d 274.

Under Point 3 the appellant finally contends that "driving on the wrong side of the road at a reasonable rate of speed with no oncoming traffic is not sufficient evidence to support a conviction of reckless driving within the provisions of § 64–22–3 of 1953 Compilation.

■ We do not, however, have such a situation before us. There is ample evidence the defendant made a left-hand turn on a sharp curve on the wrong side, and that he was later wandering back and forth across an ordinarily heavily traveled highway approaching another sharp curve in such a manner as to likely endanger the safety and lives of persons who might be on the highway, thus bringing himself within the rule of reckless driving as set forth in State v. Rice, 58 N.M. 205, 269 P.2d 751.

■■ In conclusion, it is not amiss to state that the safety of the public from injury and loss of life through the operation of motor vehicles upon the state's public highways well may have been thought by the legislature to be of such supervening

importance as to warrant the enactment of the above act. It is a matter of common knowledge that many lives are lost and many persons are maimed and injured through the operation of motor vehicles on our public highways and any rational enactment designed to curb this appalling carnage of human lives is within the police power of the legislature.

The record fails to disclose reversible error. The judgment must be affirmed.

It is so ordered.

McGHEE, COMPTON, CARMODY and MOISE, JJ., concur.