421 P.2d 796

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Joe Ray CHAVEZ, Defendant-Appellant.**

**No. 8177.**

Supreme Court of New Mexico.

Dec. 27, 1966.

Louis G. Stewart, Jr., Albuquerque, for appellant.

Boston E. Witt, Atty. Gen., Edward R. Pearson, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

NOBLE, Justice.

Joe Ray Chavez has appealed from the judgment and sentence imposed following his conviction by a jury of unlawful possession of heroin.

Two grounds are urged for reversal: (1) that the affidavit supporting the search warrant did not allege that the affiant was a legal voter in this state, and (2) that it was error to permit a police officer to testify as to the appearance of persons under the influence of heroin. We reject both contentions.

The pertinent portion of § 54–7–22, N.M.S.A.1953, reads:

"If any person, being a legal voter in this state, shall, before any judge or clerk of a district court * * *, make complaint in writing under oath that narcotic drugs are kept or deposited in any place * * *, in violation of law, such judge or clerk may issue a search warrant for the purpose of searching for such narcotic drugs."

It is to be noted that neither the section of the statute quoted nor §§ 54–7–23 and 54–7–24, N.M.S.A.1953, require that the affidavit recite that the affiant is a legal voter of the state while specifically specifying certain other items that must be set forth therein.

The Mississippi search and seizure statute provides for issuance of a warrant "upon the affidavit of any credible person * * *." That court held that insofar as the statute governed the form of the affidavit, it was directory rather than mandatory, and that it was only essential that the officer issuing the warrant be able to show, *when his right to do so is questioned*, that it was issued upon the affidavit of a credible person. Serio v. City of Brookhaven, 208 Miss. 620, 45 So.2d 257; Winters v. State, 142 Miss. 71, 107 So. 281.

The issue here is not whether the person making the affidavit (a member of the state police for thirteen years, required by § 39–2–6, N.M.S.A.1953 to have one year's state residence at the time of appointment) upon which the warrant was based was in fact a legal voter of this state. The motion to suppress the evidence presents

only the question of whether the affidavit must, by express language, so state, as a condition precedent to the issuance of a valid search warrant. We hold that the statute does not require a recital in the affidavit that the affiant is a legal voter to justify issuance of the search warrant. It is sufficient that such fact be established if the affiant's status as a legal voter is actually challenged. The failure of the affidavit in this case to contain such an allegation, of itself, does not require suppression of the evidence obtained by means of such warrant.

The defendant objected to the testimony of a police officer as to observations of the reactions and physical condition of other persons known to be under the influence of narcotic drugs, and as to the similar physical condition and reactions of the defendant observed by the officer following the arrest. The defendant contends that ony a medical expert is competent to testify regarding such facts. The record discloses that the officer who testified in this case had worked with the narcotics squad for two years; had himself assumed the role of a narcotic addict in associating with suspected addicts; had special training in the use and methods of administration of various narcotics; had been taught to observe individuals using narcotics and their reactions; and had actually observed the reactions of some twenty to thirty persons while either under the influence of heroin or withdrawing from its influence.

 Lay witnesses, if sufficiently trained and experienced, may, in a prosecution for unlawful possession of narcotic drugs, testify generally as to the reaction of narcotic drug users, and of the techniques of its use. State v. Johnson, 87 N.J.Super. 195, 208 A.2d 444. State v. Campisi, 23 N.J. 513, 129 A.2d 880. See also, Montgomery v. People, 117 Colo. 118, 184 P.2d 480; Reynolds v. State, 29 Ala.App. 139, 193 So. 192. Our examination of the record convinces us that the officer did not purport to express his opinion as to whether the defendant was under the influence of a narcotic drug; he did not invade the field of a medical expert, but only testified what he actually observed respecting defendant's condition. In the light of officer Sedillo's experience and training, he was clearly qualified and competent to testify to those facts, just as an experienced officer may testify to his observations of the physical reactions of persons charged with being under the influence of intoxicants. State v. Platter, 66 N.M. 273, 347 P.2d 166.

It follows that the judgment appealed from should be affirmed.

It is so ordered.

MOISE, J., and LaFEL E. OMAN, J., Court of Appeals, concur.