134 N.J. Super. 416 (1975)
341 A.2d 373
STATE OF NEW JERSEY, PLAINTIFF,
v.
STUART M. KRAFT, DEFENDANT.
Superior Court of New Jersey, Atlantic County Court, Criminal Division.
May 20, 1975.
*417 Mr. David Forman, Assistant Prosecutor, for the State of New Jersey (Mr. Richard Williams, Prosecutor, attorney).
Mr. Samuel Epstein for defendant.
STALLER, J.C.C.
This municipal court appeal encompasses a novel question; whether in a prosecution for driving while under the influence of drugs (N.J.S.A. 39:4-50) the State has met its burden of proof by showing the course of operation and physical characteristics of defendant and a laboratory *418 report concluding that defendant's blood and urine were positive for amobarbital and secobarbital.
Special Officer Demora of the Atlantic City Police Department testified that he observed defendant driving in a very erratic manner, at a high rate of speed. After stopping defendant's vehicle, the officer observed that defendant's face was flushed, eyes were watery and bloodshot, his speech was slurred and he staggered. There was no odor of alcoholic beverage and no physical tests were given at the scene. A breathalyzer test result was .03 percent blood alcohol. At the police station defendant lost consciousness and was transported to the Atlantic City Medical Center. A medical doctor took blood and urine samples, which were transported to the Hammonton State Police Laboratory. The test results were positive for amobarbital and secobarbital. Clearly, the taking of the blood and urine samples was not constitutionally defective. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); State v. Macuk, 57 N.J. 1, 11-15 (1970); State v. Blair, 45 N.J. 43 (1965). Over objection, the laboratory analysis was admitted into evidence. The chemist did not testify.
The admission into evidence of this document was error because, although it is a business record under Evid. R. 63(17), it was not properly authenticated under Evid. R. 68. However, assuming that the laboratory report was properly authenticated, it is the opinion of this court as hereinafter amplified that the State has still failed to meet its burden of proof.
In State v. Tiernan, 123 N.J. Super. 322 (Cty. Ct. 1973), the court held that mere lay testimony (of a police officer) is insufficient to prove that a person was under the influence of drugs within the meaning of N.J.S.A. 39:4-50. In the present case the State has attempted to circumvent Tiernan with the use of the laboratory analysis showing defendant's blood and urine were positive for drugs. The state police expert was not produced as a witness and, hence, not subject to cross-examination.
*419 The Sixth Amendment of the United States Constitution guarantees a criminal defendant a right to confront witnesses against him. In a prosecution for a violation of N.J.S.A. 39:4-50 an accused is afforded basic constitutional rights, State v. Lanish, 103 N.J. Super. 441 (App. Div. 1968), aff'd 54 N.J. 93 (1969), because the prosecution is quasi-criminal.
There are no reported New Jersey cases dealing with the precise issue presented here. However, in a prosecution for driving while under the influence of alcoholic beverages the accused does have the right to confront and cross-examine the breathalyzer operator as to the test itself and the machine. See State v. Macuk, 57 N.J. 1 (1970); State v. Conners, 125 N.J. Super. 500 (Cty. Ct. 1973), aff'd 129 N.J. Super. 476 (App. Div. 1974). In State v. Johnson, 42 N.J. 146 (1964), the Supreme Court discussed this problem and held:
It is, of course, most essential, in view of the heavy impact of the result [of the breathalyzer] can have, that proper administration of the test be clearly established before the reading is admitted into evidence. This includes full proof that the equipment was in proper order, the operator qualified and the test given correctly. * * * [at 171]
Furthermore, in a prosecution for possession or use of controlled dangerous substance, an essential element is that the alleged drug is in fact a drug. Proof of such is required. State v. Campisi, 23 N.J. 513 (1957). This requires testimony of an expert.
It would be illogical to conclude, then, that since an accused had the right to confront and cross-examine the breathalyzer operator, in a driving while under the influence prosecution, he does not have a similar right to confront and cross-examine an expert where the essential element is being under the influence of drugs. Especially is this so in light of the fact that the lay police officer (who can testify as to an accused being under the influence of alcoholic beverage) *420 cannot testify as to the defendant being under the influence of drugs. State v. Tiernan, supra.
It is concluded that in a prosecution for driving while under the influence of drugs the expert who examined and tested the drug must be produced by the State to clearly establish the presence of the narcotic drug proscribed as well as the manner in which the expert reached such determination, i.e., the testing process. Since this was not done in this case the State has not met its burden of proof that defendant was under the influence of drugs.
Defendant is found not guilty.