186 N.J. Super. 91 (1982)
451 A.2d 421
STATE OF NEW JERSEY, PLAINTIFF,
v.
ROBERT S. MALSBURY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Law Division (CRIMINAL), Burlington County.
Decided August 24, 1982.
*93 Richard J. Schmitz, Jr. for the State (Stephen G. Raymond, Burlington County Prosecutor, attorney).
*94 Martin J. Queenan for defendant.
GOTTLIEB, J.J.D.R.C. (temporarily assigned)
This appeal of two municipal court convictions concerns the reception into evidence of a report by the Burlington County Forensic Science Laboratory, under Evid.R. 63(15), without an appearance in court by the chemist from the laboratory.
Defendant Robert S. Malsbury was convicted in the Bordentown Township Municipal Court of violations of N.J.S.A. 2C:29-2b (attempting to elude a police officer in a motor vehicle), N.J.S.A. 24:21-20a(4) (unlawful possession of less than 26 grams of marihuana) and N.J.S.A. 39:4-97 (careless driving). He has appealed the first two convictions to this court under R. 3:23.
Only one witness, Trooper John Silver, testified at the hearing. He indicated that on March 4, 1982, while on routine patrol on Route 130 in the township, he saw a white Ford make an unsafe lane change. The trooper pursued the vehicle. The Ford made a left turn onto Burlington Street, followed by the officer's vehicle. Trooper Silver activated his overhead lights and attempted to pull the Ford over to the side of the road. The witness noticed the operator of the Ford look into his rear-view mirror and throw a lighted cigarette out of the window. The operator then emptied the contents  a greenish brown vegetation  of five bags out of the window, as well as the bags themselves. Finding a safe place to pass, the trooper forced the Ford to the side of the road. Trooper Silver exited his vehicle and approached the Ford. He observed some of the greenish brown vegetation all over the fur-collared coat defendant was wearing, as well as being strewn throughout the interior of the car. The trooper collected these vegetative remains, which he sealed in two packages and had sent to the laboratory. A report was made by the laboratory indicating that the contents of the two bags were positive for marijuana, totalling 1.63 grams in weight. The report was received into evidence, pursuant to Evid.R. 63(15), despite defense counsel's objection.
*95 There were four reasons given for the objection: (a) a copy of the report had not been provided to counsel in his pretrial request for discovery; (b) "there hasn't been a proper foundation laid"; (c) the testing of a substance for marijuana was too complicated a procedure to be accepted by way of report rather than through the testimony of a laboratory chemist and (d) the report was inappropriately received under the evidence rule. In addition, at oral argument on the appeal defense counsel asserted that the laboratory chemist was not a public official under Evid.R. 62(3) and, further, that the rule, as applied, denied defendant his confrontational rights.
An examination of these arguments must begin with an analysis of Evid.R. 63(15).
Evid.R. 63(15), captioned "Reports and Findings of Public Officials," provides:
Subject to Rule 64, a statement is admissible if it is in the form of (a) a written statement of an act done, or an act, condition or event observed by a public official if it was within the scope of his duty either to perform the act reported or to observe the act, condition or event reported and to make the written statement, or (b) statistical findings made by a public official whose duty it was to investigate the facts concerning the act, condition or event and to make statistical findings.
Obviously, it is subpart (a) of the rule which is applicable, if at all.
The rule commences its statement in a provisory manner: "Subject to Rule 64...." This latter rule gives the court discretion to exclude a written statement at trial if the proponent did not advise the adverse party of an intention to offer the writing sufficiently in advance so as to provide that adverse party "with a fair opportunity to prepare to meet it."
Assuming no impediment under the conditional phrase, the rule authorizes the reception into evidence (as an exception to the general hearsay proscription of Evid.R. 63) of "a written statement of ... [a] condition ... observed...." The Evidence Rules provide no definition of the word "condition." Nor have the courts of this State defined that term within the *96 context of the evidence rule. Thus, as with statutes, it must be given its ordinary, well-understood meaning. Levin v. Parsippany-Troy Hills Tp., 82 N.J. 174, 182 (1980).
The Random House Dictionary of the English Language (unabr. ed. 1967) defines "condition" as the "particular mode of being of a person or thing; situation with respect to circumstances; existing state or case." (Definition 1, page 306). Phrased another way, as applied to Evid.R. 63(15), "condition" is to be defined as meaning the quality or characteristics of a state of being. The preciseness of this definition is necessary in light of the note to the rule of the 1967 legislative commission studying the Evidence Rules. The commission made it clear that only objective observations, not subjective conclusions, were to be encompassed within the rule. For example, a report of an investigation of the condition of a stairway indicating that its steps consisted of rotted boards is admissible; that traversing those steps was hazardous is not. "Condition," therefore, is confined to the perceptions of a quality or characteristic, and excludes an interpretation of those perceptions. See Brown v. Mortimer, 100 N.J. Super. 395, 405-6 (App.Div. 1968).
The rule continues by requiring that those observations be by a public official whose duty it is to make the observations and produce the written statement. The rationale for the rule culminates in this requirement, for the written recordation of an observation of a nonofficial or an official not acting within his commission is not accorded similar status. As noted in State v. Hudes, 128 N.J. Super. 589, 602 (Cty.Ct. 1974): "There is a presumption, absent contrary testimony, that those responsible for services to the public will carry out their duties in a proper, careful and prudent manner." There is a high probability that the obligation to report accurately has been fulfilled, vis-a-vis a public official.
In addition, the rule recognizes the inconvenience in requiring that a public official appear in court to testify on the subject matter of the statement. As explained in McCormick, Evidence (2 ed. 1972), § 315 at 736:

*97 Not only would this disrupt the administration of public affairs, but it almost certainly would create a class of official witnesses. Moreover, given the volume of business in public officers, the official written statement will usually be more reliable than the official's present memory.
Cf. State v. Martorelli, 136 N.J. Super. 449, 454 (App.Div. 1975), where, in reference to a blood test, it was reasoned: "To require those who perform tests which are relatively simple to appear in court and testify would work a hardship on an already overburdened medical system." The court does recognize that the conclusion in Martorelli was grounded in Evid.R. 63(13), not 63(15), but an analogous reasoning applies.
The rule is both realistic and practical. Being charged with the obligation of accuracy, a public official's report is accorded a presumption of trust. And to require that a public official relinquish continued attention to the other tasks within his responsibility merely to repeat orally that which he has already written disserves the public. The rule is to be viewed and implemented in this context.
Returning, then, to the specific facts of this case, as noted above, the first objection to the use of the rule in the municipal court was that the condition of Evid.R. 64 was not met. As indicated previously, defense counsel did ask for discovery before trial, but a copy of the laboratory report was not supplied. However, the discovery request was submitted to the court clerk rather than the prosecutor. The court below offered defense counsel additional time to analyze by continuing the trial to a later date and requiring disclosure, but this was declined. Further, the intention of the State to proceed under Evid.R. 63(15) had been made known to defense counsel about three weeks earlier, although a copy of the report itself had not been supplied.
Under these circumstances, the municipal court did not improperly exercise its discretion. Evid.R. 64 does not require that a copy of the written report be submitted to the adversary  merely that the intention to offer it be communicated. Its pretrial disclosure is governed by the discovery rules, R. 7:4-2(g) *98 and R. 3:13-3. Subsection (f) of this latter rule indicates that if there is a failure to provide discovery, the court may direct disclosure, grant a continuance or bar the introduction of a non-divulged item into evidence. Since there are alternative remedies provided, it is evident that the selection of the appropriate redress is discretionary with the court. In this instance, the court thought it appropriate to order disclosure and afford counsel an opportunity to prepare to meet the report in order to avoid any prejudice. This was an appropriate position, especially in view of the failure of defense counsel to serve the discovery request on the proper person  the prosecutor rather than the court clerk. Indeed, defendant has been unable to suggest how he was disadvantaged by this action of the court.
The next objection was that there was no proper foundation laid. No specification of the basis of this objection was offered. Thus, this is a general and legally incompetent objection. Objections must be specific so that the trial judges may have the opportunity to rule correctly. Priest v. Poleshuck, 15 N.J. 557, 564 (1954). But even assuming that the lack of specificity does not bar the objection  a course required to be taken by this court since this is a trial de novo on the record under R. 3:23-8(a)  it is still unfounded. The report itself disclosed the foundation  that is, it was prepared by the forensic chemist of the laboratory. Defendant has not suggested any lack of qualification of that individual and, in light of the above expressed policy of the rule and that the report was prepared by an asserted public official, the objection could not be efficacious.
The third position of defendant is that the testing of the substance is too complicated a procedure to be received evidentially in written form. This argument misapprehends the theory of the rule. The intricacy or simplicity of the process used to perceive the characteristics of a state of being  the condition observed  does not determine whether it is to be demonstrated by written or oral proof. To the contrary, Evid.R. 63(15) permits the observations of a condition to be shown by written statement.
*99 The question is really whether the determination of the composition of the greenish brown vegetation is an observation of its condition. As indicated, a condition is the quality or characteristic of a state of being. A description of the nature of an object is a recitation of its condition. Thus, one who indicates that a patio is constructed of brick is stating a condition: it is a statement of fact and not a prohibited conclusion. In United States v. Oates, 560 F.2d 45 (2 Cir.1977), a customs service chemist analyzed a white powdery substance and concluded that it was heroin. In a criminal prosecution the report of the chemist was admitted at trial although the chemist did not testify. Even though the Court of Appeals held this to be error under Fed.Evid.R. 803(8) since it was only admissible "against the government in criminal cases," the court concluded that the identification of the examined substance was a "factual finding." 560 F.2d at 67. In Finchum v. Lyons, 247 Or. 255, 428 P.2d 890 (Sup.Ct. 1967), the report of a state plant pathologist that potatoes were infected with bacterial ring rot was held to be a finding of fact, involving no exercise of discretion, and the report was admissible to prove it. I conclude that a statement of the nature of a substance is a statement of its condition which is expressly encompassed within Evid.R. 63(15).
Defendant also contends that the report was inappropriately received under the rule. For the reasons expressed elsewhere in this opinion, the rule permits the reception of the report.
Next, defendant urges that the forensic chemist is not a public official. However, the chemist was employed by the county, a political subdivision of the State, Evid.R. 62(3), and was working at a task deemed important and required to be performed in the public interest. Therefore, the chemist is a public official within the scope of the rule. See State v. Hudes, supra 128 N.J. Super. at 603.
Finally, defendant submits that permitting the evidential receipt of the report without requiring the testimony of the chemist violated his Sixth Amendment right "to be confronted *100 with the witnesses against him." As noted in such cases as United States, v. Cruz, 492 F.2d 217, 220 (2 Cir.1974), cert. den. 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974); Warren v. United States, 447 F.2d 259, 262 (9 Cir.1971); Reed v. Beto, 343 F.2d 723, 724 (5 Cir.1965), involving public records; United States v. Lipscomb, 435 F.2d 795, 802 (5 Cir.1971), and Hanley v. United States, 416 F.2d 1160 (5 Cir.1969), concerning business entries, the Sixth Amendment generally has been construed not to apply to this type of situation. Analagous reasoning in regard to Evid.R. 63(15) is appropriate when one considers the advance disclosure aspect of the rule which enables a defendant to prepare to meet the proposed evidence at issue.
In Kay v. United States, 255 F.2d 476 (4 Cir.1958), the argument was advanced that the receipt in evidence of a report of a chemical analysis of a defendant charged with driving while under the influence of intoxicants violated his Sixth Amendment right of confrontation. This position was rejected by the court, which noted:
Admission of the certificate did not deprive the defendant of his right of confrontation by witnesses... [T]he Sixth Amendment to the Constitution of the United States can[not] be said to have incorporated the rule against hearsay evidence, as understood at the time of [its] adoption. [It] was intended to prevent the trial of criminal cases upon affidavits, not to serve as a rigid and inflexible barrier against the orderly development of reasonable and necessary exceptions to the hearsay rule. [255 F.2d at 480].
Also, in United States v. Marshall, 532 F.2d 1279, 1285-6 (9 Cir.1976), it was held that the Sixth Amendment right to confrontation was not infringed where a police chemist who analyzed a white powder as cocaine indicated that he had no independent recollection of the tests performed and the report was introduced into evidence as past recollection recorded.
Defendant's confrontational rights were not violated.
Accordingly, I conclude that the application of Evid.R. 63(15) was proper under the circumstances, to allow the laboratory report to be received into evidence.
*101 Based upon my review of the transcript, I am led to conclude that defendant's guilt of the two offenses appealed has been proven beyond a reasonable doubt. Therefore, I enter findings of guilt as to each offense.
Since this court is required to exercise independent judgment in the matter of sentence, State v. States, 44 N.J. 285, 293 (1965), and must afford defendant the right of allocution, R. 7:4-6(a) and 3:21-4(b), I am rescheduling this matter for imposition of sentence.