This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40668

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**GABRIEL SANDLIN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Court Judge**

Raul Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     This matter was submitted to the Court on the brief in chief in the above-entitled cause, pursuant to this Court's notice of assignment to the general calendar with modified briefing. Having considered the brief in chief, concluding the briefing submitted to the Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022, we affirm for the following reasons.

**BACKGROUND**

**{2}**     In May 2019, Defendant plead guilty to trafficking a controlled substance. [BIC 2; RP 100-105] He was sentenced to nine years of incarceration, most of which was suspended. [BIC 2; RP 112-13]

**{3}**     A few months after Defendant was released from prison the State filed its first petition to revoke. [BIC 2; RP 117-18] Defendant admitted the violations, and he was released on probation. [BIC 2; RP 154-60]

**{4}**     In March 2022, the State filed its second petition to revoke Defendant's probation, based upon the pendency of a criminal prosecution for aggravated battery against a household member. [BIC 2; RP 164-71] After the alleged victim, Ms. Mondragon, filed a notice of nonprosecution, Defendant was once again released on probation. [BIC 2-3; RP 199] The district court judge specifically advised Defendant that he had "dodged a bullet," and warned him that he "might not be near as sympathetic" if Defendant should face similar allegations in the future. [BIC 3]

**{5}**     Roughly two months later Defendant was involved in yet another incident of domestic violence against Ms. Mondragon, as well as an apparent drug overdose. [RP 205-212] This prompted the State to file the third petition to revoke Defendant's probation, alleging a series of violations including endangerment of another, violation of state laws, association with a person identified by probation officer as detrimental to supervision, failure to make every effort to obtain employment, and consumption of a controlled substance. [BIC 3; RP 205, 208] The ensuing proceedings resulted in the revocation of Defendant's probation. [BIC 4; RP 244-46]

**{6}**     On appeal Defendant raises two issues, challenging both the sufficiency of the evidence to establish a willful violation of the terms and conditions of his probation, [BIC 6-9] and the district court's failure to specify the basis for the revocation in its written order. [BIC 9-11]

**DISCUSSION**

**A.     Sufficiency of the Evidence**

**{7}**     "Proof of a probation violation need not be established beyond a reasonable doubt." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10. "Instead, the evidentiary standard is that the violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* In this context, we must examine the evidence in the light most favorable to the district court's ruling. *State v. Trevor M.*, 2015-NMCA-009, ¶ 14, 341 P.3d 25. Ultimately, "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493.

**{8}**     In light of the foregoing standard, we turn to the evidence presented at the hearing on the petition to revoke. The State first called Officer Wilks of the Lovington Police Department, who testified that he responded to Defendant's residence on May 19, 2022, in connection with an alleged overdose. [DS 8; RP 240, 242] He explained that he found Defendant to be conscious and breathing, but he was sweating profusely and appeared to be under the influence. [DS 8; RP 242] The State also called Ms. Mondragon, who testified about her contact with Defendant on the date of the apparent overdose, as well as the domestic violence and injuries Defendant had inflicted upon her. [RP 241] Finally the State called Defendant's probation officer, who testified that she had repeatedly told Defendant not to have any contact with Ms. Mondragon. [BIC 8; RP 242] She further explained that a urine sample had been obtained from Defendant, which was positive for methamphetamine, marijuana, and cocaine. [BIC 9; RP 212, 242]

**{9}**     The foregoing testimony amply supports the district court's determination that Defendant violated the terms and conditions of his probation. To the extent that Defendant asks this Court to reweigh the evidence or draw inferences in his favor, we must decline the invitation. *See In re Bruno R.*, 2003-NMCA-057, ¶ 9, 133 N.M. 566, 66 P.3d 339 (stating that we indulge all reasonable inferences to uphold a finding that there was sufficient evidence of a probation violation).

**{10}**     On appeal Defendant contests the willfulness of his violation of the condition prohibiting contact with individuals deemed detrimental to supervision by his probation officer, on grounds that there was no writing which specifically advised him that association with Ms. Mondragon was prohibited, [BIC 6, 8] the district court mischaracterized the warning that he had previously received in open court, [BIC 7] and it was "unreasonable to assume" that Defendant otherwise knew that association with Ms. Mondragon was impermissible. [BIC 6-7] We are unpersuaded.

**{11}**     "As a general matter, formal conditions of probation serve the purpose of giving notice of proscribed activities. But a formal condition is not essential for purposes of notice." *State v. Doe*, 1986-NMCA-019, ¶ 10, 104 N.M. 107, 717 P.2d 83 (citation omitted), *abrogated on other grounds by State v. Erickson K.*, 2002-NMCA-058, ¶¶ 19-20, 132 N.M. 258, 46 P.3d 1258. In this case, the standard terms and conditions supplied notice that Defendant was prohibited from associating with individuals identified by his probation officer as being detrimental to his supervision. [BIC 8; RP 209] And as mentioned above, Defendant's probation officer testified that she had specifically and repeatedly told him not to have any association with Ms. Mondragon. [BIC 8] This is sufficient to establish that Defendant was on notice, and that he willfully violated the terms and conditions of his probation by associating with Ms. Mondragon. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, 2020-NMSC-004, 457 P.3d 249; *Leon*, 2013-NMCA-011, ¶¶ 36, 38-39 (concluding that "the evidence was sufficient for a reasonable mind to conclude that [the d]efendant had violated [a] condition of his probation" when the probation officer

testified that the defendant had done so and the defendant did not come forward with any evidence to rebut this presumption).

**{12}** Defendant further contends that his violation of the condition prohibiting the possession or use of controlled substances was inadequately established, particularly in light of the State's failure to formally enter the laboratory report in evidence. [BIC 8-9] Given the sufficiency of the evidence to establish the violation discussed above, it is not strictly necessary to address this contention. *See Leon*, 2013-NMCA-011, ¶ 37 (holding that probation revocations are to be upheld "if there is sufficient evidence to support just one [probation] violation"). Nevertheless, we note that the arresting officer's testimony describing Defendant's condition on the date of the apparent overdose and his probation officer's testimony describing the urinalysis test results adequately support the district court's determination. *See* Rule 11-1101(D)(2) NMRA (stating that the rules of evidence are not applicable to probation revocation proceedings); *State v. Guthrie*, 2011-NMSC-014, ¶ 39, 150 N.M. 84, 257 P.3d 904 (commenting upon the value of live testimony on matters which involve perception, and indicating parenthetically that questions such as "whether a probationer . . . appeared intoxicated" fall within this category); *State v. Chavez*, 1966-NMSC-269, ¶¶ 7-8, 77 N.M. 274, 421 P.2d 796 (holding that a police officer familiar with the influence of narcotics was properly permitted to testify to the physical condition and reactions of the defendant); *Sanchez v. Wiley*, 1997-NMCA-105, ¶¶ 19-20, 124 N.M. 47, 946 P.2d 650 (holding that a witness was properly permitted to offer lay opinion, based upon perceptions and experience, about the defendant's intoxication); *In re Doe*, 1976-NMCA-102, ¶ 19, 89 N.M. 700, 556 P.2d 1176 (reflecting that the district courts may rely on testimony of probation officers based on their personal knowledge).

**{13}** Accordingly, we reject Defendant's challenge to the sufficiency of the evidence to establish his willful violation of the terms and conditions of his probation.

## B.      Basis for the Disposition

**{14}** Defendant further contends that the district court's failure to enter an order containing written findings describing the basis for the revocation of his probation violated his right to due process. [BIC 9-11]

**{15}** Whether Defendant was afforded due process is a question subject to de novo review. *See State v. Gutierrez*, 2015-NMCA-082, ¶ 23, 355 P.3d 93.

**{16}** Although "the full panoply of rights owed a criminal defendant under the Due Process Clause does not apply in probation revocation proceedings," satisfaction of minimum due process requirements typically entails the entry of "a written statement of the factfinder of the evidence relied upon and the reasons for revocation." *State v. Parsons*, 1986-NMCA-027, ¶ 26, 104 N.M. 123, 717 P.2d 99 (internal quotation marks and citation omitted). "The required findings of fact and conclusions of law permit meaningful appellate review and are vital *where the trial court record does not clearly support the district court's ruling*." *Id.* (emphases added).

**{17}** In this case, the revocation order does not contain written findings describing the specific basis for the revocation of Defendant's probation. [RP 244-46] However, the district court made the basis for the disposition clear at the conclusion of the hearing on the merits, when the judge stated his findings that Defendant had violated standard condition number four, requiring him to refrain from associating with persons identified by his probation officer as being detrimental to his supervision, and that Defendant had violated standard condition number nine, prohibiting him from consuming any type of controlled substance. [BIC 4]

**{18}** "Oral comments by a judge may be used to clarify a written ruling by the court." *State v. Harris*, 2013-NMCA-031, ¶ 8, 297 P.3d 374. This principle is readily applicable to the situation at hand. *See, e.g.*, *State v. Tony G.*, 1995-NMCA-141, ¶ 20, 121 N.M. 186, 909 P.2d 746 (holding that due process was not violated, despite the absence of written findings, where oral statements described the reasoning behind the court's decision to revoke probation), *abrogated on other grounds by State v. Erickson K.*, 2002-NMCA-058, ¶¶ 19-20, 132 N.M. 258, 46 P.3d 1258. Insofar as the "judge stated his view and analysis of the evidence," Defendant "was informed of the basis for the ruling at the hearing," and we "have an ample basis for ascertaining the rationale of the . . . decision entered below," the district court "was not required to set forth its rationale in writing[.]" *Id.* ¶ 20 We therefore conclude that Defendant's right to due process was not violated.

**CONCLUSION**

**{19}** In light of the foregoing considerations, we uphold the revocation of Defendant's probation.

**{20} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**