**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1090-17T2

U.S. BANK TRUST, N.A., AS
TRUSTEE FOR LSF9 MASTER
PARTICIPATION TRUST,

 Plaintiff-Respondent,

v.

KARL MARK FOLTZER,

 Defendant-Appellant,

and

MRS. KARL MARK FOLTZER,
his wife, and MICHAEL K.
FOLZTER,

 Defendants.

_____

   Submitted February 11, 2019 – Decided March 13, 2019

   Before Judges Fasciale and Gooden Brown.

   On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-033619-14.

Karl M. Foltzer, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Karl Mark Foltzer appeals from several Chancery Division orders, specifically a September 16, 2015 order, striking defendant's answer and granting plaintiff's predecessor summary judgment; a March 15, 2016 order, denying defendant's motion to fix the amount due; an August 19, 2016 order, deeming plaintiff's predecessor's evidence of indebtedness sufficient under Rule 4:64-2; a September 16, 2016 order, denying defendant's motion to dismiss the foreclosure complaint; an August 29, 2017 order, entering final judgment of foreclosure; and a September 29, 2017 order, denying defendant's motion to fix the amount due at zero dollars.[1]  We affirm.

On March 16, 2007, defendant and his brother, Michael K. Foltzer, executed separate thirty-year promissory notes in the amount of $240,000 to Columbia Home Loans, LLC (Columbia).  To secure payment of the notes, on the same date, each brother executed separate mortgages to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Columbia, encumbering

---

[1] On November 3, 2017, the motion judge entered a clarifying order, vacating the September 29, 2017 order, and replacing it with a November 1, 2017 order.

A-1090-17T2

their respective properties. Defendant's mortgage encumbered residential property located in Brick (the subject property), while his brother's mortgage encumbered residential property located in Little Egg Harbor. Although the promissory note corresponding to each mortgage was mistakenly signed by the wrong brother, with defendant executing the promissory note for his brother's mortgage and his brother executing the promissory note for defendant's, each brother ratified the terms and validity of their respective mortgage loans by making payments without objection over the succeeding years. See Thermo Contracting Corp. v. Bank of N.J., 69 N.J. 352 (1976) (applying principles of ratification to a party's conduct after learning that payments had been made on fraudulently endorsed checks).

Defendant's mortgage for the subject property was recorded in the Ocean County Clerk's Office on March 28, 2007. Following a duly recorded assignment,[2] it was assigned to Bayview Loan Servicing, LLC (Bayview) on February 26, 2014, which assignment was recorded on May 5, 2014. While defendant's brother ultimately sold his property and obtained a discharge of mortgage, which was recorded on July 23, 2013, defendant defaulted on his

_____

[2] Specifically, a June 29, 2012 assignment to JPMorgan Chase Bank, N.A. (Chase), was recorded on July 19, 2012.

A-1090-17T2

mortgage loan by failing to make the January 1, 2012 installment payment, or any payments thereafter. Over thirty days after a Notice of Intent to Foreclose (NOI) was mailed to defendant, Bayview filed a foreclosure complaint on August 14, 2014.[3] In an accompanying certification of diligent inquiry, Bayview's attorney averred that she communicated with Alejandro Diaz, Bayview's Assistant Vice President responsible for supervising the foreclosure department, and personally inspected the loan information in accordance with Rule 1:5-6(c)(1)(E) and Rule 4:64-1(a)(2) and (a)(3). On September 25, 2014, defendant filed a contesting answer containing numerous affirmative defenses, including challenging Bayview's standing.

After discovery was completed, Bayview moved for summary judgment. To support its motion, Bayview submitted a June 22, 2015 certification prepared by Edilia Perez, Bayview's "FCL Doc Coordinator." Perez certified that in her position, she had "complete access and authorization to review . . . [p]laintiff's business records, including the computer records, logs loan account[,] and related business records for . . . [d]efendant's loan." According to Perez, these

---

[3] Defendant's wife and brother were joined as defendants. Although defendant identified himself as single in the mortgage documents, his wife was named as a defendant for any interest she may have in the property. Neither she nor defendant's brother is a party to this appeal.

A-1090-17T2

records were "maintained by Bayview," were "made at or near the time of the event, by or from information transmitted by a person with knowledge[,]" and "[i]t [was] [Bayview's] regular practice to keep such records" in "the [ordinary] course of its regularly conducted business activities."

Additionally, Perez certified that she "personal[ly] review[ed]" defendant's loan records and verified that Bayview "acquired" the "original promissory [n]ote . . . on or about [February 15, 2014,] and . . . remain[ed] in possession" to date. She averred further that the mortgage was "assigned" to Bayview "[o]n February 26, 2014," which "assignment was recorded on May 5, 2014[.]" According to Perez, defendant defaulted on the loan by failing to make payment on "January 1, 2012," and failing "to cure such default." Further, on February 13, 2014,[4] a NOI was mailed to defendant by Chase, who had possession of the note at the time. The NOI was sent to "the mortgaged property address" by "certified mail, return receipt requested, and regular mail." These activities occurred prior to the filing of the "foreclosure action on August 14, 2014." Perez attached to her certification "true and correct copies" of the pertinent documents, including the note, mortgage, assignment of mortgage, NOI, and payment history.

---

[4] The certification mistakenly stated the NOI was sent on August 7, 2013.

A-1090-17T2

Defendant objected and cross-moved to dismiss the complaint. Referring to his brother's discharged mortgage, defendant claimed that Bayview was "using a discharged mortgage note to foreclose" on his property. According to defendant, Bayview "fabricated the Allonge to show [d]efendant as the obligor . . . and affixed it to [his brother's] [n]ote," but there was "no [n]ote identifying [d]efendant as the borrower." Defendant also challenged Perez's certification as "insufficient" to "support [Bayview's] motion."

After both parties waived oral argument, on September 16, 2015, the motion judge denied defendant's motion, granted plaintiff summary judgment, ordered defendant's answer stricken and default entered, and transferred the case to the Office of Foreclosure to proceed as an uncontested action. In an oral decision from the bench that was later memorialized in an order, the judge determined plaintiff was entitled to summary judgment because "there [was] no genuine issue as to any material fact challenged," Rule 4:46-2(c), and defendant's answer failed to "either contest the validity or priority of the mortgage . . . or create an issue with respect to . . . plaintiff's right to foreclose it[,]" Rule 4:64-1(c)(2), and was thus "deemed to be non-contesting." See R. 4:5-4.

A-1090-17T2

After reciting the applicable legal principles, the judge recounted the parties' arguments as follows:

> [Bayview] argues that they have proven the prima facie right to foreclose as they have shown defendant has executed the loan documents. The mortgage was recorded and defendant has defaulted on the same. Furthermore, [Bayview] asserts that they are . . . the current holder of the mortgage and note, and that is evidenced by the assignment of mortgage . . . . [Bayview] contends that . . . defendant's answer must be stricken as the denials and affirmative defenses are unsupported by any facts, and therefore, lack merit.
>
> . . . [D]efendant advances several arguments in opposition to the summary judgment motion[,] including insufficient certification by [Bayview], the note being separated from the mortgage and assignment of the mortgage to [Bayview] is therefore invalid, [Bayview] does not have standing to file the complaint, the [NOI] . . . is defective[,] . . . the alleged default is not supported by the evidence[,] and . . . unclean hands.

The judge then concluded that Bayview established "[a] prima facie right to foreclose," and rejected defendant's contrary arguments <u>ad seriatim</u>. As to the sufficiency of the certification, the judge explained:

> A certification can be based on the business records hearsay exception if the records are made pursuant to the regular business practices. The record was made at or near the time of the event being recorded, and the

circumstances and method of preparing the records justify its admittance into evidence. . . .[5]

. . . [A] certification which demonstrates the representative's position, their access to the plaintiff's business record[,] and their personal knowledge of such business record keeping is sufficient evidence. Here, the [Perez] certification . . . satisfied the business exception to the hearsay rule.[6]

As to Bayview's standing, the judge stated:

Here, [Bayview] has provided the [c]ourt with a certification that they were in possession of the note at the time that the complaint was filed. The certification complies with the business records exception to the hearsay rule. [Bayview] must have either physical possession of the note or an assignment of mortgage that predates the original complaint to have standing. . . .

Furthermore, defendant does not have standing to challenge the validity of mortgage assignments, as . . . defendant is not a party to those assignments. . . . Thus, the court finds that [Bayview] had standing to bring this action.

---

[5] See State v. Matulewicz, 101 N.J. 27, 29 (1985) (recognizing that the business records hearsay exception, Rule 803(c)(6), requires proof that the writing was made in the regular course of business, was prepared within a short time of the act, condition, or event being described, and that the source of the information and the method and circumstances of the preparation of the writing must justify allowing it into evidence).

[6] See Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 599 (App. Div. 2011) ("A certification will support the grant of summary judgment only if the material facts alleged therein are based, as required by Rule 1:6-6, on 'personal knowledge.'").

Regarding defendant's remaining arguments, including his claim that the default was not supported by evidence, the judge elaborated:

> [T]he alleged default is an essential element in an action for foreclosure. Although disputed by . . . defendant, [Bayview] did specify the date of default in the complaint. Further, . . . the [Perez] certification . . . has attested to the allege[d] default. Defendant does not actually contest the fact that [he has] defaulted on the loan, but rather, there is no evidence of such.
>
> Defendant does not offer any evidence to rebut the statements of . . . Perez. [Bayview] has provided the [c]ourt with both the [NOI] and detailed transaction history indicating the default. The [c]ourt notes that the note was executed by a Michael Foltzer, but not [defendant] Karl Foltzer. However, . . . defendant does not deny executing the mortgage or receiving the funds, and there is no evidence refuting a note . . . is attached to the premises.
>
> Finally, . . . defendant argues unclean hands, but does not offer any evidence of such conduct.

On March 15, 2016, the Office of Foreclosure denied defendant's motion to fix the amount due because the motion was improperly filed in the Office of Foreclosure, instead of the vicinage. On July 21, 2016, Bayview moved for an order deeming its "evidence of indebtedness as sufficient proof under [Rule] 4:64-2 to support and compel entry of final judgment." In support, Bayview submitted a certification prepared by its attorney explaining that although the note corresponding to the subject property "was endorsed by the wrong party,"

9

"[a]fter inception of the loan, payments were made . . . on the account" "on a regular basis" for approximately five years "up and through the default date of January 1, 2012." According to Bayview's attorney, "[t]he payment history," which was attached to the certification, "and the pattern of activity," which reflected "an ongoing transactional exchange between the borrower and the lender[,]" evidenced "the parties' consent," and demonstrated that the mortgage for the subject property "remain[ed] unsatisfied."

While Bayview's motion was pending, defendant cross-moved to dismiss the foreclosure complaint for the second time. In support of his cross-motion, defendant submitted his own certification as well as his brother's, each indicating that neither brother was present at the other's closing, and reiterating that Bayview was attempting to foreclose on defendant's mortgage "using a copy of [Michael's] satisfied [n]ote[.]" Bayview opposed the motion and its attorney certified "[d]efendant [was] raising the same issues" that were previously considered by the court and "denied . . . on their merits." On August 19, 2016, the judge granted Bayview's motion, noting Bayview had "presented sufficient evidence of indebtedness to meet the requirements of [Rule] 4:64-2[,]" and ordered the Office of Foreclosure to "enter [f]inal [j]udgment upon submission of the within [o]rder and [Bayview's] [c]ertification of [a]mount [d]ue."

Thereafter, on September 16, 2016, the judge denied defendant's cross-motion to dismiss the complaint.

By assignment of mortgage executed on January 11, 2017, and recorded on January 30, 2017, Bayview assigned the mortgage to plaintiff U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust. Thereafter, Bayview moved to substitute plaintiff, which motion was granted on March 13, 2017. Plaintiff promptly moved for final judgment and, in accordance with Rule 4:64-2(c) and (d), submitted a "certification of diligent inquiry and accuracy of foreclosure documents and factual assertions" prepared by its attorney, and a certification of proof of amount due and schedule prepared by Nhu Tran, a foreclosure document specialist of Caliber Home Loans, Inc. (Caliber), plaintiff's servicer. Tran, who was responsible for document review and execution, certified that based on a "thorough[] review[] of [Caliber's] books and business records concerning the note and mortgage loan" in question, $367,585.77 was due, consisting of unpaid principal balance as of January 1, 2012, interest from December 1, 2011, to May 23, 2017, and advances through May 23, 2017, for real estate taxes, hazard insurance, mortgage insurance premiums, and property inspections. The schedule showed a detailed breakdown of the amounts due as well as a description of the procedure for

claiming surplus money. According to Tran, "[p]laintiff [was] the holder of the . . . note" and "the default remain[ed] uncured." Plaintiff's attorney certified that he communicated with Tran and confirmed the accuracy of Tran's certification in addition to conducting "[his] own independent inspection of the documents."

On August 29, 2017, final judgment and a writ of execution were entered in plaintiff's favor. On the same date, over plaintiff's objection, defendant moved to fix the amount due to zero dollars, reiterating in his certification that the note plaintiff was attempting to foreclose "was satisfied on June 27, 2013, when [his brother] sold his home." The judge denied defendant's motion on September 29, 2017, and on November 1, 2017, entered a revised order clarifying that "[d]efendant's motion [was] . . . denied in its entirety[,]" and "[t]he [f]inal [j]udgment entered on August 29, 2017[,] . . . remain[ed] in full force and effect[.]" This appeal followed.[7]

On appeal, defendant argues the judge erred in granting Bayview summary judgment, in concluding that the Perez certification was sufficient, in finding that Bayview had standing based on an invalid note, and in determining

---

[7] Despite defendant's continued litigation of the foreclosure action, a Sheriff's sale was conducted on July 17, 2018, defendant's motion to vacate the sale was denied on August 17, 2018, and a Sheriff's deed to the property was recorded on October 5, 2018.

there was an amount due on a note that "was paid and satisfied." Defendant argues further that the judge erred in entering final judgment because "[t]here [were] no computer business records attached to the [c]ertification of [p]roof of [a]mount [d]ue supporting the assertions on the [s]chedule." We disagree.

We review a grant of summary judgment applying the same standard used by the trial court. Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016). "Summary judgment is appropriate where the evidence fails to show a genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299 (App. Div. 2009) (citing R. 4:46-2(c)). In reviewing summary judgment motions, we "view the 'evidential materials . . . in the light most favorable to the non-moving party.'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (alteration in original) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). However, "an adverse party may not rest upon the mere allegations or denials of the pleading . . . [to show] that there is a genuine issue for trial." R. 4:46-5(a).

Further, it is "well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Cortez, 435 N.J. Super. at 606 (alteration in original)

13

(quoting Brae Asset Fund, LP v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)). Additionally, all sufficiently supported material facts will be deemed admitted for purposes of the motion unless "specifically disputed" by the party opposing the motion. R. 4:46-2(b).

Here, after careful review of the record, we are satisfied that summary judgment was properly granted. We agree with the judge that the Perez certification supporting the summary judgment motion complied with Rule 1:6-6, and its contents complied with the business records exception to the hearsay rule. Rule 803(c)(6). See New Century Fin. Servs., Inc. v. Oughla, 437 N.J. Super. 299, 326 (App. Div. 2014) ("There is no requirement that the foundation witness [certifying that a record is a business record] possess any personal knowledge of the act or event recorded." (citing State v. Martorelli, 136 N.J. Super. 449, 453 (App. Div. 1975))). See also Hahnemann Univ. Hosp. v. Dudnick, 292 N.J. Super. 11, 17 (App. Div. 1996) ("[D]ocuments may properly be admitted 'as business records even though they are the records of a business entity other than one of the parties, and even though the foundation for their receipt is laid by a witness who is not an employee of the entity that owns and prepared them.'" (quoting Saks Int'l, Inc. v. M/V "Export Champion", 817 F.2d 1011, 1013 (2d Cir. 1987))).

We also agree with the judge's determination of the material issues in the case, see Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993), aff'd, 273 N.J. Super. 542, 545 (App. Div. 1994) ("[t]he only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of the indebtedness, and the right of the mortgagee to resort to the mortgaged premises"); that Bayview established a prima facie right to foreclosure, see Thorpe v. Floremoore Corp., 20 N.J. Super. 34, 37 (App. Div. 1952) ("[when] the execution, recording, and non-payment of the mortgage [were established], a prima facie right to foreclosure was made out"); and that Bayview had standing to foreclose, see Deutsche Bank Tr. Co. Ams. v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012) ("either possession of the note or an assignment of the mortgage that predated the original complaint conferred standing" (citing Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J. Super. 214, 216 (App. Div. 2011))).

Regarding defendant's challenge to the entry of final judgment, if an answer is stricken and the foreclosure action is "deemed uncontested," Rule 4:64-1(c), "[t]he application for entry of judgment shall be accompanied by proofs as required by [Rule] 4:64-2." R. 4:64-1(d)(1). Under Rule 4:64-2(a), the proofs "may be submitted by affidavit, unless the court otherwise requires."

15

<u>Rule</u> 4:64-2(b) specifically delineates the required contents of the "affidavit of amount due" filed by plaintiff in support of the entry of final judgment, which affidavit "shall have annexed a schedule" and "may be supported by computer-generated entries."

> The schedule shall state the principal due as of the date of default; advances authorized by the note or mortgage for taxes, hazard insurance[,] and other stated purposes; late charges, if authorized by the note or mortgage . . . ; a computation of accrued interest; a statement of the per diem interest accruing from the date of the affidavit; and credit for any payments, credits, escrow balance or other amounts due the debtor. Prejudgment interest, if demanded in the complaint, shall be calculated on rate of interest provided by the instrument of indebtedness. . . . The schedule shall [also] include notice that there may be surplus money and the procedure for claiming it.
>
> [<u>Ibid.</u>]

<u>Rule</u> 4:64-2(c) requires the affiant to identify his or her "title," "responsibilities," and "relationship" to plaintiff, and to certify "that he or she is authorized to make the affidavit on behalf of the plaintiff or the plaintiff's mortgage loan servicer"; "that the affidavit is made based on a personal review of business records of the plaintiff or the plaintiff's mortgage loan servicer, which records are maintained in the regular course of business"; "that the financial information contained in the affidavit is accurate"; and "that the default

16

remains uncured." Any objections to the amount due must state "with specificity the basis of the dispute." R. 4:64-1(d)(3).

We are satisfied that plaintiff's motion to enter final judgment complied with the requirements of Rule 4:64-1 and 4:64-2, and defendant's motion to fix the amount due did not. See Cho Hung Bank v. Kim, 361 N.J. Super. 331, 341 (App. Div. 2003) (acknowledging that "[Rule] 4:64-1 allows entry of [foreclosure] judgment upon certification . . . 'unless the court other[wise] requires'"). See also Mony Life Ins. Co. v. Paramus Parkway Bldg., Ltd., 364 N.J. Super. 92, 106 (App. Div. 2003) (concluding that no hearing was warranted where defendant failed to offer conflicting proof or establish a contested fact to be resolved). As the judge explained, defendant has never contested executing the mortgage and note, albeit the wrong one, receiving the proceeds of the loan, or defaulting on the loan obligations since January 1, 2012. "In foreclosure matters, equity must be applied to plaintiffs as well as defendants." Angeles, 428 N.J. Super. at 320.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1090-17T2