STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. STANLEY A. MATULEWICZ, DEFENDANT-RESPONDENT.

Argued October 8, 1985—Decided November 21, 1985.

*John C. Berndt,* Assistant Prosecutor, argued the cause for appellant (*Joseph A. Falcone,* Passaic County Prosecutor, attorney).

*George J. Shamy, Jr.* argued the cause for respondent (*Shamy & Luke,* attorneys).

PER CURIAM.

The issue raised by the defendant, Stanley A. Matulewicz, focuses upon whether a State Police chemist's laboratory re-

port, identifying a controlled dangerous substance as marijuana, may be admitted as either a "business entry" pursuant to the hearsay exception in Evidence Rule 63(13) or a "report and finding" of a public official consistent with Evidence Rule 63(15)(a). The Appellate Division, 198 *N.J.Super.* 474 (1985), reversed the trial court's order determining that such a report was admissible in evidence, and, remanded the matter for a new trial. The Appellate Division held that the report was not admissible under Evidence Rule 63(15)(a), and implicitly rejected the applicability of Evidence Rule 63(13). We conclude that in the absence of an evidentiary record relating to the foundation requirements underlying these rules, the issue as to the admissibility of a State police chemist's report under either evidentiary rule cannot be resolved.

Although it is apparent that the "business entry" hearsay exception delineated in Evidence Rule 63(13) carries the potential of broad application, see *Evid.R.* 62(5) (defining "business" as "every kind of business, governmental activity, profession, occupation, calling or operation of institutions, whether carried on for profit or not"), parameters do exist to restrict its scope. Evidence Rule 63(13) posits three preliminary conditions to the admissibility of evidence pursuant to this hearsay exception. First, the writing must be made in the regular course of business. Second, it must be prepared within a short time of the act, condition or event being described. Finally, the source of the information and the method and circumstances of the preparation of the writing must justify allowing it into evidence. *State v. Hudes,* 128 *N.J.Super.* 589, 594 (Cty.Ct.1974). It is the third prerequisite, which must be considered in conjunction with the avowed rationale of Evidence Rule 63(13), that inspires our concern in this instance.

The Uniform Business Records as Evidence Act, *N.J.S.A.* 2A:82–34, which incorporated language similar to that found in its successor, Evidence Rule 63(13), was founded upon the theory "that records which are properly shown to have been kept as required normally possess a circumstantial probability

of trustworthiness, and therefore ought to be received in evidence." *Mahoney v. Minsky*, 39 *N.J.* 208, 218 (1963). However, this general acceptance of reliability will not attach if "the trial court, after examining them [the records] and hearing the manner of their preparation explained, entertains serious doubt as to whether they are dependable or worthy of confidence." *Ibid.* *See Romano v. Kimmelman*, 96 *N.J.* 66, 80 (1984) (reliability of scientific evidence must be demonstrated by showing that the scientific technique has gained general acceptance within the scientific community). By applying this rationale to Evidence Rule 63(13), it is evident that the degree of complexity of the procedures utilized in formulating the conclusions expressed in the forensic chemist's laboratory report becomes critical. While it is generally conceded that diagnostic findings premised upon objective data requiring an average level of difficulty of interpretation are admissible as consistent with Evidence Rule 63(13), see McCormick, *Evidence* (2 ed. 1972), § 313 at 732; the present record is unenlightening as to whether the procedures employed by the State Police chemist justify extending the exception to this context.

The factual record below is devoid of evidence that would elucidate the "method and circumstances" involved in the preparation of the forensic chemist's laboratory report. Consequently, proofs should be adduced to reflect the relative degrees of objectivity and subjectivity involved in the procedure; the regularity with which these analyses are done; the routine quality of each analysis; the presence of any motive to single out a specific analysis for the purpose of rendering an untrustworthy report, and the responsibility of each State Police chemist to make accurate and reliable analyses. In this connection we note that the Appellate Division, in rejecting the admissibility of the chemist's report under Evidence Rule 63(15)(a), determined that as an employee of the State the chemist may have some underlying bias in preparing the laboratory report. *State v. Matulewicz, supra,* 198 *N.J.Super.* at 477–78. This conclusion, however, is unsupported by the evidence of record and at

least facially does not appear to comport with the view expressed in variant contexts recognizing that "[t]here is a presumption, absent contrary testimony, that those responsible for services to the public will carry out their duties in a proper, careful and prudent manner." *State v. Hudes, supra,* 128 *N.J.Super.* at 602; *see also State v. Lungsford,* 167 *N.J.Super.* 296 (App.Div.1979) (information recorded in business record must be obtained from a declarant having a business duty to communicate truthfully); *State v. McGeary,* 129 *N.J.Super.* 219 (App.Div.1974) (there is no basis for conceiving that a State Police inspector would violate his duty and certify that a breathalyzer was functioning properly when the truth was to the contrary).

■ Consequently, the admissibility of the State police chemist's report must be informed by an evidential record that addresses all relevant factors. While the factors mentioned are certainly relevant, they are not intended to be exhaustive. A trial court may properly require proof regarding additional concerns as to the indicia of trustworthiness necessary to justify admissibility under Evidence Rule 63(13).

■ Similarly, in considering the admissibility of the forensic chemist's report under Evidence Rule 63(15)(a), these circumstances of reliability must also be addressed. *State v. McGeary, supra,* 129 *N.J.Super.* at 227. While justification for admission differs from Evidence Rule 63(13), in this case the declarant's status as a "public official" may give rise to the presumption of trustworthiness. Nevertheless, the concern for reliability remains paramount.

Evidence Rule 63(15)(a) sanctions the admissibility of the factual observations that are disclosed in the report of a "public official;" but it does not in particular contexts authorize the admissibility in evidence of the opinions or conclusions expressed in such a report. See *Phillips v. Erie Lackawanna R.R. Co.,* 107 *N.J.Super.* 590 (App.Div.1969), certif. den. 55 *N.J.* 444 (1970) (a report by the Public Utilities Commission was

deemed inadmissible on the grounds that it contained conclusions and opinions rather than observations or statistical findings permitted by Evidence Rule 63(15)(a)). This problematic exclusionary limitation served as the basis of the Appellate Division's rejection of Evidence Rule 63(15)(a).[1] 198 *N.J.Super.* at 480. However, in the absence of an evidential record focusing upon the quality and nature of the chemist's report, including that which is denominated an opinion or conclusion, it cannot be fairly determined whether the admissibility *vel non* of such a report comports with Evidence Rule 63(15)(a). See *State v. Malsbury,* 186 *N.J.Super.* 91 (Law Div.1982) (a statement of the nature of a substance is a statement of its condition which is expressly encompassed within Evidence Rule 63(15)(a)).

Accordingly, we remand this case for retrial, and in view of the unusual circumstances, we direct that the matter be assigned to the Superior Court, Law Division, Passaic County. *R.* 7:1; *Romano v. Kimmelman, supra,* 96 *N.J.* at 96. In the event the case proceeds to trial and the State seeks to introduce the chemist's report into evidence as either a "business entry" under Evidence Rule 63(13), or a "report and finding" of a public official under Evidence Rule 63(15)(a), it will then become necessary for the State to develop a factual record to establish the availability of either hearsay exception.[2] Further, in light

---

[1] A similar limitation with respect to Evidence Rule 63(13) was expressed in *Gunter v. Fischer Scientific American,* 193 *N.J.Super.* 688, 694 (App.Div. 1984), where it was recognized that "expert opinion contained in a business record may be excluded if it relates to diagnoses of complex medical conditions...." Conversely, routine observations, findings and complaints included in such a record were termed clearly admissible. See also *Lazorick v. Brown,* 195 *N.J.Super.* 444, 451 (App.Div.1984) (which cited approvingly the view that a doctor's opinion, expressed in a business record otherwise admissible under Evidence Rule 63(13), may be excluded as substantive proof if the opinion relates to a diagnosis of a complex medical condition which is difficult to determine or substantiate).

[2] We recognize that in the event that the trial court is satisfied that the State Police chemist's report warrants admissibility pursuant to Evidence Rule 63(13) or Evidence Rule 63(15)a, defendant may seek to challenge its admissi-

of the nature of the evidence to be produced on this issue, we consider it appropriate that the trial court grant the Attorney General and Public Advocate leave to participate in the presentation of proofs directed toward the development of an adequate record.

Accordingly, as modified by this opinion, we affirm the Appellate Division's judgment. The matter is remanded for a new trial to be conducted in conformity with this opinion in the event such a trial occurs.

*For modification and affirmance*—Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

---

bility on constitutional grounds under the "Confrontation Clause." *U.S. Const.* amend. VI; *N.J. Const.* art. 1, § 10 (1947). However, we do not address any such contention at this time.