244 N.J. Super. 207 (1990)
581 A.2d 1347
STATE OF NEW JERSEY IN THE INTEREST OF J.H., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1990.
Decided October 30, 1990.
*211 Before Judges GAULKIN, HAVEY and SKILLMAN.
Daniel V. Gautieri, Assistant Deputy Public Defender, argued the cause for appellant (Wilfredo Caraballo, Public Defender; Daniel V. Gautieri, of counsel and on the brief).
Janis R. Melfi, Assistant Prosecutor, argued the cause for the State of New Jersey (Richard E. Hickey, III, Gloucester County Prosecutor, attorney; Janis R. Melfi, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
This appeal involves the operation of N.J.S.A. 2C:35-19, which provides for the admission into evidence of certificates reporting laboratory analyses of alleged controlled dangerous substances, in light of the requirements of the Confrontation Clause of the United States Constitution.
*212 J.H. was found guilty of juvenile delinquency by committing an act which, if committed by an adult, would constitute possession of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-10a(1). The court sentenced him to a six month suspension of his driver's license, a $1,000 DEDR penalty, a $15 Violent Crimes Compensation Board penalty and a $25 laboratory fee.[1]
The juvenile was apprehended after he fled at the sight of a police officer and ran home. As the juvenile was entering his house with the officer in pursuit, he dropped a plastic package containing a white powdery substance. A police officer who performed a field test on the substance reported that it was "not positive for cocaine." However, a State Police forensic scientist subsequently concluded on the basis of a laboratory test that the substance was cocaine. A "certified laboratory report" of the State Police analysis was admitted into evidence over the objection of the juvenile.
In admitting the laboratory certificate into evidence, the trial court relied exclusively upon N.J.S.A. 2C:35-19, a section of the Comprehensive Drug Reform Act of 1986, L. 1987, c. 106, which provides that the certificate of an employee of a state forensic laboratory shall "be admissible evidence of the composition, quality, and quantity of the substance submitted to the laboratory for analysis." N.J.S.A. 2C:35-19b. A party intending to offer such a certificate must give notice of that intention to the opposing party at least 20 days before the proceeding begins. N.J.S.A. 2C:35-19c.[2] The opposing party then has 10 days to *213 object and to state "the grounds for the objection." Ibid. "A proffered certificate shall be admitted in evidence unless it appears from the notice of objection and specific grounds for that objection that the composition, quality, or quantity of the substance submitted to the laboratory for analysis will be contested at trial." Ibid.
The juvenile's only argument on appeal is that his rights under the Confrontation Clauses of the United States and New Jersey Constitutions were violated by the admission of the certified laboratory report pursuant to N.J.S.A. 2C:35-19.[3]
The Supreme Court of the United States has consistently held that the Confrontation Clause of the United States Constitution "does not necessarily prohibit the admission of hearsay statements against a criminal defendant." Idaho v. Wright, 497 U.S. ___, ___, 110 S.Ct. 3139, ___, 111 L.Ed.2d 638, 651 (1990). Generally, for hearsay to be admissible under the Confrontation Clause, the state must show both that the hearsay has sufficient "indicia of reliability" to warrant its admission and that the declarant is unavailable. Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). But some forms of hearsay are considered sufficiently reliable to satisfy the requirements of the Confrontation Clause without showing the unavailability of the declarant. See United States v. Inadi, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). Thus, the threshold requirement for admission of any hearsay is a showing of reliability. Idaho v. Wright, supra; Bourjaily v. United States, 483 U.S. 171, 181-184, 107 S.Ct. 2775, 2782-2783, *214 97 L.Ed.2d 144, 156-158 (1987). This requirement can be satisfied either by a showing that "the hearsay statement `falls within a firmly rooted hearsay exception,' or ... by `a showing of particularized guarantees of trustworthiness.'" Idaho v. Wright, supra, ___ U.S. at ___, 110 S.Ct. at ___, 111 L.Ed.2d at 653, quoting Ohio v. Roberts, supra, 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608.
A laboratory report offered in evidence to prove the composition, quality or quantity of an alleged controlled dangerous substance is hearsay. Evid.R. 63. Therefore, the party offering the evidence must establish its admissibility under a hearsay exception. And where the State offers such evidence in a criminal trial, it also must satisfy the requirements of the Confrontation Clause by showing that the hearsay exception is "firmly rooted" or, alternatively, that the evidence possesses "particularized guarantees of trustworthiness." Idaho v. Wright, supra, ___ U.S. at ___, 110 S.Ct. at ___, 111 L.Ed.2d at 653.
Our courts have previously considered the admissibility of laboratory reports to establish the composition, quality or quantity of controlled dangerous substances under the "business entries" hearsay exception of Evidence Rule 63(13) and the "public reports" exception of Evidence Rule 63(15)(a). See, e.g., State v. Matulewicz, 101 N.J. 27, 499 A.2d 1363 (1985); State v. Flynn, 202 N.J. Super. 215, 494 A.2d 350 (App.Div. 1985), remanded to Law Division for reconsideration in light of Matulewicz, 103 N.J. 446, 511 A.2d 634 (1986).
In Matulewicz the issue was the admissibility of a laboratory report to prove that the substance found in the defendant's possession was marijuana. The Court stated that the linchpin of admissibility of a laboratory report under Evidence Rule 63(13) is its reliability. 101 N.J. at 29-30, 499 A.2d 1363. It also stated that "the degree of complexity of the procedures utilized in formulating the conclusions expressed in the forensic chemist's laboratory report [is] critical" in determining the *215 report's reliability. Id. at 30, 499 A.2d 1363. However, the Court found the record inadequate to determine the reliability of the procedures utilized in preparing the report. Consequently, it concluded that:
... proofs should be adduced to reflect the relative degrees of objectivity and subjectivity involved in the procedure; the regularity with which these analyses are done; the routine quality of each analysis; the presence of any motive to single out a specific analysis for the purpose of rendering an untrustworthy report, and the responsibility of each State Police chemist to make accurate and reliable analyses. [Id. at 30, 499 A.2d 1363].
The Court also concluded that "concern for reliability remains paramount" in determining the admissibility of a laboratory report under Evid.R. 63(15)(a). Id. at 31, 499 A.2d 1363.
Although the Court in Matulewicz was concerned solely with the interpretation of Evidence Rules 63(13) and 63(15)(a), we conclude that the tests for admissibility under these state evidence rules also would provide adequate "indicia of reliability" to satisfy the requirements of the Confrontation Clause. We reach this conclusion because the "business entries" and "public reports" hearsay exceptions interpreted in Matulewicz are "firmly rooted," see McCormick on Evidence § 304 to § 320 (3d ed. 1984), or, alternatively, because the tests of admissibility set forth in Matulewicz provide "particularized guarantees of trustworthiness." See Idaho v. Wright, supra, ___ U.S. at ___, 110 S.Ct. at ___, 111 L.Ed.2d at 653. This conclusion is also supported by federal cases which have considered indicia of reliability similar to those identified in Matulewicz in ruling upon the admissibility of laboratory reports under the Confrontation Clause. See, e.g., Pickett v. Bowen, 798 F.2d 1385 (11th Cir.1986); United States v. McClintock, 748 F.2d 1278, 1291-1292 (9th Cir.1984), cert. den. 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985); see also United States v. Oates, 560 F.2d 45, 80-82 (2d Cir.1977); cf. Idaho v. Wright, supra, ___ U.S. at ___, 110 S.Ct. at ___, 111 L.Ed.2d at 653 ("Admission under a firmly rooted hearsay exception satisfies the constitutional requirement of reliability because of the weight accorded longstanding judicial and legislative experience *216 in assessing the trustworthiness of certain types of out-of-court statements.").
In admitting the laboratory certificate showing that the substance possessed by the juvenile was cocaine, the trial court did not refer to Evidence Rules 63(13) and 63(15)(a) and consequently did not require the State to satisfy the tests of reliability set forth in Matulewicz. Rather, the court admitted the certificate pursuant to N.J.S.A. 2C:35-19, without any preliminary showing of reliability.
Although the legislative commentary to the Comprehensive Drug Reform Act describes N.J.S.A. 2C:35-19 as a hearsay exception, this section does not condition the admissibility of a laboratory certificate upon a showing, as is required under a true hearsay exception, that "the circumstances surrounding the making of the statement provide sufficient assurance that the statement is trustworthy and that cross-examination would be superfluous." Idaho v. Wright, supra, ___ U.S. at ___, 110 S.Ct. at ___, 111 L.Ed.2d at 655. The admissibility of a laboratory certificate under N.J.S.A. 2C:35-19 does not turn on a showing of its reliability but rather on whether the conclusions contained therein "will be contested at trial." Therefore, N.J.S.A. 2C:35-19 is not a hearsay exception at all, much less a "firmly rooted" one, and its constitutionality cannot be sustained under the kind of analysis applicable to hearsay exceptions.
N.J.S.A. 2C:35-19 is similar to Evidence Rule 3, which is designed to facilitate the proof of facts which are not genuinely in dispute. This rule provides:
In civil proceedings, if the judge finds at the hearing that there is no bona fide dispute between the parties as to a material fact, such fact may be proved by any relevant evidence, and exclusionary rules shall not apply, except for Rule 4 or a valid claim of privilege.
The application of Rule 3 is limited by its express terms to "civil proceedings." We have previously observed that criminal cases were excluded from the rule, because a defendant "has no responsibility to concede undisputed facts." State v. *217 Flynn, supra, 202 N.J. Super. at 219 n. 1, 494 A.2d 350. In fact, the Legislature may not constitutionally relieve the State of the burden of proving any element of an offense. Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); State v. Ingenito, 87 N.J. 204, 215 n. 4, 432 A.2d 912 (1981). Thus, if N.J.S.A. 2C:35-19 were construed to impose a burden on a defendant to present conflicting evidence in order to sustain an objection to the admission of a laboratory certificate offered by the State, it would be unconstitutional.
However, we believe that N.J.S.A. 2C:35-19 is susceptible to an interpretation which will facilitate the orderly and efficient conduct of trials under the Comprehensive Drug Reform Act while at the same time satisfying constitutional requirements. It is firmly established that a defendant may be required to participate in pretrial discovery in order to facilitate the trial of cases and to avoid unfair surprises to the prosecution. See State v. Montague, 55 N.J. 387, 394-403, 262 A.2d 398 (1970); State v. Baldwin, 47 N.J. 379, 388, 221 A.2d 199 (1966), cert. den. 385 U.S. 980, 87 S.Ct. 527, 17 L.Ed.2d 442 (1966). For example, a defendant may be required to provide a notice of alibi before trial, stating the specific place where he claims to have been at the time of the alleged offense. R. 3:11-1. In addition, a defendant who seeks discovery from the state may be required to furnish the state with the reports of his experts, the names of persons whom he may call as witnesses, written statements of witnesses and any tangible evidence in his possession. R. 3:13-3(b). The constitutionality of rules establishing these kinds of pretrial procedures has been upheld on the basis that such rules serve "[t]he State's interest in the orderly conduct of a criminal trial." Taylor v. Illinois, 484 U.S. 400, 411, 108 S.Ct. 646, 653, 98 L.Ed.2d 798, 811 (1988); see also Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970).
Similarly, N.J.S.A. 2C:35-19 may be construed to establish a constitutionally valid pretrial procedure for determining *218 whether the State will be allowed to rely upon the certificate of its chemist. If the defendant does not file a timely objection to the certificate, any possible objection is waived and the certificate may be admitted. McCormick on Evidence, supra, § 52. If defendant does object, he must state specific grounds of objections under the criteria of admissibility set forth in Matulewicz. For example, a defendant may urge that the procedures involved in testing for a drug are highly complex or involve a large measure of subjectivity and consequently that an opportunity should be afforded to cross-examine the expert to determine how a particular test was conducted. A defendant also may urge that the laboratory certificate and any other supporting material submitted by the State do not contain sufficient information to determine the certificate's admissibility under Matulewicz. And where there is a factual issue as to the reliability of an expert's test procedures, the State will be required to develop a record to establish the conditions of admissibility of the laboratory certificate. See State v. Matulewicz, supra, 101 N.J. at 32, 499 A.2d 1363; R.K. v. Dept. of Human Services, 215 N.J. Super. 342, 348-349, 521 A.2d 1319 (App.Div. 1987). In other words, N.J.S.A. 2C:35-19 may be construed to establish a procedural framework under which the State may ascertain before trial whether a defendant will object to the admission of a laboratory certificate and, if so, whether the certificate satisfies the tests of reliability set forth in Matulewicz.
The trial court misconceived the effect of N.J.S.A. 2C:35-19 in admitting the State Police laboratory certificate analyzing the substance found in the juvenile's possession without requiring the State to make any preliminary showing of reliability. This certificate simply indicates that the substance was subject to "color tests" and "infrared spectrophotometry," as a result of which the State Police chemist concluded that it contained cocaine. The State did not present any evidence regarding the degree of complexity of the tests conducted by the State Police, the relative objectivity or subjectivity of the *219 interpretation of the test results, the qualifications and experience of the person who performed the tests or any of the other criteria of reliability of laboratory tests identified in Matulewicz, 101 N.J. at 30, 499 A.2d 1363. Moreover, the State did not present any evidence regarding the differences between the field and laboratory tests performed on the substance in order to explain the disparate results produced by those tests. Consequently, the State failed to establish an adequate foundation for the admission of the laboratory certificate, and because this evidence constituted an essential element of the State's case, the juvenile is entitled to a new trial. State v. Matulewicz, supra, 101 N.J. at 32-33, 499 A.2d 1363.
Accordingly, we reverse the adjudication of delinquency and remand the matter for a new trial in conformity with this opinion.
NOTES
[1] The juvenile also was sentenced at the same time for various other acts of delinquency. These sentences included an indeterminate term not to exceed one year at Jamesburg.
[2] The State failed to comply with the requirement that notice of an intention to offer a laboratory certificate be given 20 days before trial. However, it argues that this failure should be disregarded because the juvenile did not object to the admission of the certificate on this ground and he does not claim that any prejudice resulted from the lack of notice. We have no need to decide the consequences of the State's failure to provide timely notice, because the State did not in any event establish the prerequisites for admissibility of the certificate.
[3] Our courts have never suggested that the Confrontation Clause of the New Jersey Constitution, Art. I, para. 10, should be interpreted more broadly than the Confrontation Clause of the Sixth Amendment to the United States Constitution. Therefore, we consider the juvenile's argument solely under the United States Constitution.