**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1737-19

BAYONNE HOUSING
AUTHORITY,

    Plaintiff-Respondent,

v.

SINCERRAE ROSS,

    Defendant-Appellant.

_____

Submitted March 15, 2021 – Decided July 14, 2021

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. LT-007964-19.

Roberta L. Tarkan, attorney for appellant.

Kathleen A. Walrod, attorney for respondent.

PER CURIAM

Defendant Sincerrae Ross is a tenant of plaintiff Bayonne Housing Authority (BHA), which operates the public housing complex where defendant resides. Among other alleged violations, plaintiff charged defendant with breaching her lease by permitting an unauthorized person, her children's father, to receive mail and live at the residence.

As a result, plaintiff sent defendant a notice of termination of tenancy and demand for possession. The BHA scheduled an administrative hearing to address the unauthorized resident issue. However, defendant failed to appear, and the hearing officer dismissed the matter. Plaintiff then filed a complaint for possession and the matter was listed for trial.

At trial, plaintiff offered into evidence a BHA-generated address information request form (postal form). Plaintiff routinely employed the postal form to determine who received mail at their apartment complex. The court admitted the postal form into evidence without objection from defense counsel.[1]

The court found defendant violated the lease by receiving the children's father's mail at the apartment. The court found that plaintiff failed to prove the

---

[1] We glean this fact from the trial court's written statement of reasons supporting its denial of defendant's subsequent order to show cause seeking vacation of the judgment of possession. Appellant did not supply a record of the trial transcript. R. 2:5-4(a).

A-1737-19

children's father lived at the apartment. The court issued a judgment of possession against defendant for violating the provision of her lease preventing receipt of mail at the apartment by unauthorized persons.

Defendant sought to vacate the judgment of possession by filing an order to show cause with the court. Defendant objected to the hearsay nature of the postal form for the first time at the show cause hearing. In its written statement of reasons denying defendant's order to show cause, the court noted that William Henderson, a BHA employee, testified he sent the postal form to the United States Post Office on September 4, 2018, and that the post office returned the form to him on September 8, 2018. The court found the BHA-generated postal form was excepted from the hearsay rule pursuant to N.J.R.E. 803(c)(8). Defendant then moved for reconsideration of the court's denial of the order to show cause. The trial court denied reconsideration, and defendant appeals.

Defendant argues before us that the postal form was inadmissible hearsay, and that the trial court erred in relying upon it at trial. She argues that the trial court's sole evidentiary basis for issuing the judgment of possession was the postal form. Without it, defendant argues, plaintiff's possession action fails.

A-1737-19

We note that our review has been hampered, to a degree, by the failure of defendant to provide a complete record on appeal. Rule 2:5-4(a) states in relevant part:

> The record on appeal shall consist of all papers on file in the court or courts or agencies below, with all entries as to matters made on the records of such courts and agencies, the stenographic transcript or statement of the proceedings therein, and all papers filed with or entries made on the records of the appellate court . . . .

See also R. 2:5-3(b) ("the transcript shall include the entire proceedings"); R. 2:6-1(a) (the appendix must contain parts of the record "essential to the proper consideration of the issues").

We discern from the limited record before us that defendant did not raise her postal form hearsay objection during trial, but rather during the order to show cause hearing as part of her efforts to vacate the possession order. When issues are not properly raised before us, "[a]ppellate review is not limitless. The jurisdiction of appellate courts . . . is bound by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). We do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest."

4

Selective Ins. Co. v. Rothman, 208 N.J. 580, 586 (2012) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1977) (citation omitted)).  Defendant also failed to state in her appellate brief that the hearsay issue was not raised during trial as required by Rule 2:6-2.  An array of discretionary sanctions are available for non-compliance with our rules, including, but not limited to, dismissal of the appeal, imposition of costs and fees as well as other penalties. See R. 2:9-9.  We note these procedural deficiencies with concern, nonetheless we will briefly address the merits.

We will not disturb denial of a motion for reconsideration absent a clear abuse of discretion.  Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).  We examine discretionary determinations, supported by the record, to discern whether an abuse of reasoned discretion has occurred.  Gac v. Gac, 186 N.J. 535, 547 (2006).  We also examine trial judges' evidentiary decisions using an abuse of discretion standard.  Manata v. Pereira, 436 N.J. Super. 330, 343 (App. Div. 2014) (citing Hisenaj v. Kuehner, 194 N.J. 6, 12 (2008)).  Such "decisions should stand unless 'so wide off the mark that a manifest denial of justice resulted.'"  Anderson v. A.J. Friedman Supply Co., 416 N.J. Super. 46, 72–73 (App. Div. 2010) (quoting Green v. N.J. Mfrs. Ins. Co., 160 N.J. 480, 492 (1999)).

5

To admit a hearsay statement under the public records exception to the hearsay rule, the proponent must demonstrate:

> a statement contained in a writing made by a public official of an act done by the official or an act, condition, or event observed by the official if it was within the scope of the official's duty either to perform the act reported or to observe the act, condition, or event reported and to make the written statement . . . .
>
> [Villanueva v. Zimmer, 431 N.J. Super. 301, 314 (App. Div. 2013).]

The purpose of this rule is to avoid compelling a public official to leave her duties to testify on the trustworthiness of an official written statement when there is a high probability that an accurate report has been performed. Ibid.

We find defendant's arguments to be meritless. The trial court admitted the BHA postal form into evidence without objection. The form originated with the BHA, who sent it to the post office for the express purpose of verifying mailing addresses. The post office returned the completed form promptly to the BHA. We find no abuse of discretion in the trial court's evidentiary decision. "[R]ecords which are properly shown to have been kept as required normally possess a circumstantial probability of trustworthiness, and therefore ought to be received in evidence." State v. Matulewicz, 101 N.J. 27, 29-30 (1985) (quoting Mahoney v. Minsky, 39 N.J. 208, 218 (1963)). Any argument not

6

addressed here lacks sufficient merit to warrant discussion in a written opinion.

R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1737-19