**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1058-19

ROBERT J. TRIFFIN,

    Plaintiff-Appellant,

v.

HMSHOST TOLLROADS,
INC., d/b/a HMS HOST and
PAUL MAMALIAN,

    Defendants-Respondents,

and

ANDREW GARCIA,

    Defendant.

_____

        Argued July 27, 2021 – Decided September 13, 2021

        Before Judges Rothstadt and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-021816-18.

        Robert J. Triffin, appellant, argued the cause pro se.

Erica A. Barrow argued the cause for respondents (Baker & Hostetler LLP, attorneys; Erica A. Barrow, on the brief).

PER CURIAM

Plaintiff appeals from the September 27, 2019 order granting summary judgment to, and dismissing his complaint against, defendants HMSHost Tollroads, Inc. d/b/a/ HMS Host (Host) and Paul Mamalian.[1] We affirm.

We glean the following facts from the motion record. Host issued a payroll check, dated July 7, 2016, to Andrew Garcia in the amount of $459.03. The check, drawn on Host's Citibank account, was electronically deposited by Garcia on July 7 with First Essex Bank, which has since merged with Santander, N.A. (collectively, Santander). Garcia did not indorse the check prior to depositing it with Santander.

On July 8, 2016, Citibank honored Garcia's check to Santander and withdrew the full amount from Host's account. On July 13, 2016, the same payroll check was presented to a check cashing facility, Ali's Check Cashing, Inc. (Ali's). Garcia indorsed the check presented to Ali's. Citibank dishonored the check to Ali's because it was previously honored to Santander. Ali's subsequently assigned the check to plaintiff, who filed this action.

---

[1] Defendant Andrew Garcia did not participate in this appeal.

A-1058-19

After Host filed an answer, it moved for dismissal of plaintiff's complaint under Rule 4:6-2, or in the alternative, for summary judgment. At oral argument held on September 27, 2019, plaintiff argued Host was not entitled to relief because: it failed to identify the bank (and individual) that honored the check deposited with Santander; and the certification it presented from Hampton A. Young, an assistant vice president for Citibank, amounted to hearsay and should not be considered. Young's certification stated the check at issue was dishonored on July 13, 2016 due to the fact it was honored to Santander on July 8, 2016. Young's certification was corroborated by a second certification from John R. DiCalogero, Host's assistant general counsel.

Judge Bahir Kamil found plaintiff "failed to produce any evidence that would rebut Young's certification," adding that "when . . . viewed in a light most favorable to the plaintiff," no reasonable fact finder could find he was entitled to payment on the dishonored check. Accordingly, the judge granted summary judgment and dismissed plaintiff's case.

On appeal, plaintiff raises the following argument for our consideration:

> THE TRIAL JUDGE COMMITTED PREJUDICIAL ERROR WHEN HE DISREGARDED N.J.S.A. 12A:3-201(b)'s, and 12A:3-203(c)'s REQUIREMENTS FOR NEGOTIATION, TRANSFER, AND INDORSEMENT OF CHECKS

3

We are not persuaded.

We begin by identifying our standard of review. Motions to dismiss are governed by Rule 4:6-2 and focus on the pleadings. Accordingly, under Rule 4:6-2(e), a complaint can be dismissed if the facts alleged in the complaint do not state a viable claim as a matter of law. The standard for determining the adequacy of plaintiff's pleadings is "whether a cause of action is 'suggested' by the facts." Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). Here, because the parties submitted material outside the pleadings and the judge considered and relied on this additional material, including Young's certification, the judge effectively treated Host's motion as one for summary judgment. See R. 4:6-2; R. 4:46.

The standard for summary judgment is whether the moving parties have established that there are no genuine disputes as to any material facts, and, if so, whether the facts, viewed in the light most favorable to the non-moving party, entitles the moving parties to judgment as a matter of law. R. 4:46-2(c); Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014); Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 540 (1995).

A-1058-19

When reviewing orders concerning motions to dismiss for failure to state a claim or motions for summary judgment, we use the same standard as the trial court and review the decisions de novo. Davis, 219 N.J. at 405; Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App. Div. 2006). Moreover, in considering questions of law, our review is plenary. Ben Elazar v. Macrietta Cleaners, Inc., 230 N.J. 123, 135-36 (2017). Applying these standards, we conclude Judge Kamil properly granted summary judgment.

This matter is governed by New Jersey's version of the Uniform Commercial Code (the Code), namely Article 3, which addresses negotiable instruments, N.J.S.A. 12A:3-101 to - 605, and Article 4, which addresses bank deposits and collections, N.J.S.A. 12A:4-101 to - 504.

> Under the Code, a "check" is a draft, N.J.S.A. 12A:3-104(f); a "drawer" is the person who signs a draft ordering payment from [his or her] account (i.e., the person who wrote the check), N.J.S.A. 12A:3-103(a)(3); and a "depository bank" is "the first bank to take an item," such as a draft. N.J.S.A. 12A:4-105.
>
> [Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 467 (App. Div. 2021).][2]

---

[2] While this appeal was pending, we issued this published opinion. During oral argument on July 27, 2021, both parties were directed to provide supplemental briefing within one week to address how this recently published case applied, if at all, to the instant appeal. Neither party submitted the supplemental briefing as of the date of this opinion.

Also, a "payor bank" is a bank that is the drawee of a draft. N.J.S.A. 12A:4-105(c). Here, Garcia's payroll check was the draft, Host was the drawer, Santander was the depository bank, and Citibank was the payor bank.

The Code defines a "negotiation" as a "transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." N.J.S.A. 12A:3-201(a). Once a party becomes a holder of a negotiable instrument, that party is entitled to enforce obligations under the instrument. N.J.S.A. 12A:3-414(b) ("If an unaccepted draft is dishonored, the drawer is obliged to pay the draft according to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder . . . ."). However, the holder of a dishonored draft is <u>not</u> entitled to payment if "the defendant proves a defense or claim in recoupment." N.J.S.A. 12A:3-308(b).

Plaintiff contends that a holder's indorsement is required for the transfer of a negotiable instrument. We acknowledge this general principal is reflected in Chapter 3 of the Code. <u>See</u> N.J.S.A. 12A:3-201(b) ("[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder."); N.J.S.A. 12A:3-203(c) ("Unless otherwise agreed, if an instrument is transferred for value and the

transferee does not become a holder because of lack of indorsement by the transferor, the transferee has a specifically enforceable right to the unqualified indorsement of the transferor, but negotiation of the instrument does not occur until the indorsement is made."). However, the need for an indorsement on a negotiable instrument prior to transfer is not absolute.

Specifically, when a depository bank comes into possession of an unindorsed item, such as a check, N.J.S.A. 12A:4-205 governs. Under Section 12A:4-205(a), "the depository bank becomes a holder of the item at the time it receives the item for collection if the customer at the time of delivery was a holder of the item, whether or not the customer indorses the item." (Emphasis added). The commentary to N.J.S.A. 12A:4-205 further clarifies that "[w]hether [the depository bank] supplies the customer's indorsement is immaterial." N.J.S.A. 12A:4-205, cmt. 1 (emphasis added). Here, Garcia was a holder, because the payroll check he initially deposited electronically was issued directly to him by Host, and his failure to indorse the check prior to depositing with Santander did not affect Santander's status as a holder. Accordingly, N.J.S.A. 12A:4-205 dooms plaintiff's argument. See also Triffin, 466 N.J. Super. at 469.

Additionally, N.J.S.A. 12A:3-414(c) instructs that "[i]f a draft is accepted by a bank, the drawer is discharged, regardless of when or by whom acceptance was obtained." Here, Garcia's check was "accepted by a bank," i.e., Santander, thereby discharging Host from further liability. That is to say, Host was relieved of any obligation to pay plaintiff because it paid the full amount due to Santander before the check was presented to Ali's, and "[p]revious payment of a draft is a defense to enforcement." Triffin, 466 N.J. Super. at 467 (citing N.J.S.A. 12A:3-305(a)(2)). Because Host's prior payment provided it with a defense to enforcement, defendants were entitled to summary judgment as a matter of law.

To the extent plaintiff argues that Young's certification was inadmissible hearsay, and the judge should not have considered it, we are not convinced. As the judge found, Young presented a certification "claiming to have personal knowledge of the presentment and honoring of the check on July 7, 2016," and plaintiff "failed to produce any evidence that would rebut Young's certification." We are persuaded the judge properly considered Young's certification because it met the "business records" exception under N.J.R.E. 803(c)(6).

To satisfy the business records hearsay exception, a proponent must demonstrate that "the writing [was] made in the regular course of business," it was "prepared within a short time of the act, condition or event being described,"

and "the source of the information and the method and circumstances of the preparation of the writing must justify allowing it into evidence." N.J. Div. of Youth and Fam. Servs. v. M.C. III, 201 N.J. 328, 347 (2010) (quoting State v. Matulewicz, 101 N.J. 27, 29 (1985)).

Here, Young certified he had "firsthand knowledge of the facts and circumstances of this action, having reviewed the records maintained in Citi's ordinary course of business." Young also certified the records presented to the court were "created by Citibank or its predecessor-in-interest in the normal course of its regularly conducted business activity as a regular practice, at or near the time of the occurrence so stated in the records by, or from information transmitted by, a person with knowledge of the contents of such matters." Moreover, DiCalogero's certification corroborated Young's certification, separately provided documents which satisfied the business records hearsay exception, and confirmed Garcia's check was honored by Santander before it was presented to Ali's and dishonored on July 13, 2013. Copies of the checks in the record also support this sequence of events because the electronically deposited check bears no indorsement, while the check presented to Ali's is indorsed. See Triffin, 466 N.J. Super. at 469-70 (finding that a court may use the lack of indorsement on an electronically deposited check as proof that the

A-1058-19

deposit occurred <u>before</u> the same check was indorsed and cashed at a check-cashing institution).

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1058-19