**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0778-20

MIDLAND CREDIT
MANAGEMENT, INC.,
current assignee, [SYNCHRONY
BANK (LOWES) ORIGINAL
CREDITOR], [SYNCHRONY
BANK (QCARD), original
creditor],

     Plaintiff-Respondent,

v.

DENISE SIPPLE,
a/k/a DENISE F. SIPPLE,

     Defendant-Appellant.

_____

Submitted January 4, 2022 – Decided June 29, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. DC-003182-20.

Zemel Law, LLC, attorneys for appellant (Daniel Zemel and Steven Benedict, on the briefs).

Hinshaw & Culbertson LLP, attorneys for respondent (Han Sheng Beh, of counsel and on the brief).

PER CURIAM

Defendant Denise Sipple appeals from the grant of summary judgment to plaintiff, Midland Credit Management Inc., the assignee of credit cards previously issued to her by Synchrony Bank. Defendant claimed there were disputed facts that justified denial of summary judgment. However, beyond her allegations and mere denials, the court found she presented no competent proof that would warrant denying plaintiff's claim. On appeal, defendant contends the court improperly relied on inadmissible hearsay documents, ignored an executive order prohibiting the initiation and adjudication of debt collection matters during the COVID-19 pandemic, and mistakenly exercised its discretion in denying her motions to amend her answer and dismiss for failure to provide discovery. We are not persuaded by these arguments and affirm.

I.

On November 20, 2018 and February 19, 2019, plaintiff purchased portfolios of debt from Encore Capital Group, Inc. and its subsidiary Synchrony Bank. These portfolios included revolving credit card accounts which defendant opened on March 18 and June 5, 2018 and which plaintiff charged off on October 24, 2018 and January 11, 2019. The record shows that after defendant made

purchases in May and June 2018, the outstanding balance on the accounts were $2,419.60 and $3,058.58, respectively.

When plaintiff's pre-litigation attempts at collection failed, it sued defendant for the outstanding balance plus interest and costs. Defendant filed an answer denying plaintiff's allegations, averring that she "does not have sufficient knowledge or information to form a belief about the truth or falsity of the plaintiff's address." As an affirmative defense, defendant claimed that debt collection agencies were barred by an "executive order" from initiating and adjudicating debt collection matters during the COVID-19 state of emergency. Defendant also requested plaintiff produce "all documents or papers" that established the chain of title of the debts. Plaintiff subsequently produced all salient documents related to the matter.

Defendant then filed an amended answer and moved for transfer to the law Division, asserting counterclaims and a third-party complaint against plaintiff for violations of the Fair Debt Collection Practices Act (FDCPA).

In the Law Division, plaintiff moved for summary judgment, filing its brief supported by bill statements for the period from February 2018 through January 2019; defendant's credit report; the credit card agreement; four letters to defendant explaining that plaintiff's account had been acquired by plaintiff;

3

two affidavits of sale and certificates of debt executed by Lynne Fisher, senior vice president of Synchrony Bank; and a July 16, 2020 affidavit of Taylor Madison, a legal specialist for plaintiff's servicer. Defendant filed a cross-motion for summary judgment, contending she "do[es] not owe any money to plaintiff"; lacked any knowledge that her accounts were sold to plaintiff; challenged the contractual relationship between the parties; and claimed that all defendant's certifications supporting its arguments were inadmissible hearsay. She also filed a motion to dismiss for failure to provide discovery.

Following oral argument, the court granted plaintiff's motion and entered judgment in plaintiff's favor in the amount of $5,478.18 plus costs. The court found that no genuine issue of material fact existed which prevented summary judgment in favor of plaintiff. The court found that plaintiff provided sufficient, credible evidence in the record that established the nexus between the accounts and defendant. The court also found the executive order and FDCPA argument meritless, explaining that no directive existed that prevented agencies from initiating debt collection matters during the COVID-19 pandemic. This appeal ensued.

On appeal, defendant argues: (1) the court improperly admitted Madison's affidavit into evidence as it failed to comply with the business record exception

to the hearsay rule, N.J.R.E. 803(c)(6); (2) the court erroneously found the executive order and FDCPA inapplicable; and (3) the court abused its discretion in denying her motion to amend and motion to dismiss for failure to provide discovery.

II.

We review a grant of summary judgment de novo. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). Summary judgment will be granted when "the competent evidential materials submitted by the parties" viewed in the light most favorable to the non-moving party, show that there are no "genuine issues of material fact" and that "the moving party is entitled to summary judgment as a matter of law." Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat, 217 N.J. at 38); see also R. 4:46-2(c). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Ibid. (quoting Bhagat, 217 N.J. at 38). We owe "no special deference" to the motion judge's legal analysis. RSI Bank, 234 N.J.

A-0778-20

at 472 (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

III.

Defendant argues that Madison's affidavit was inadmissible hearsay therefore the court should not have considered it. Specifically, she claims that Madison lacked personal knowledge of the business records, contrary to the hearsay exceptions. We are persuaded the court properly considered Madison's affidavit because it met the "business records" exception under N.J.R.E. 803(c)(6).

To satisfy the business records hearsay exception, a proponent must demonstrate that "the writing [was] made in the regular course of business," it was "prepared within a short time of the act, condition or event being described," and "the source of the information and the method and circumstances of the preparation of the writing must justify allowing it into evidence." N.J. Div. of Youth and Fam. Servs. v. M.C. III, 201 N.J. 328, 347 (2010) (alteration in original) (quoting State v. Matulewicz, 101 N.J. 27, 29 (1985)). "The purpose of the business records exception [to the hearsay rule] is to 'broaden the area of admissibility of relevant evidence where there is necessity and sufficient

6

guarantee of trustworthiness.'" Konop v. Rosen, 425 N.J. Super. 391, 403 (App. Div. 2012) (quoting Liptak v. Rite Aid, Inc., 289 N.J. Super. 199, 219 (App. Div. 1996)).

Based on our review of the competent proofs in the record, we are satisfied that plaintiff presented sufficient undisputed evidence of the credit card debts warranting the entry of summary judgment in its favor as a matter of law. Madison is an authorized representative of the assignor's subsidiary and certifies that he has personal knowledge of the facts after having reviewed the account records maintained by the initiating entity in the normal course of business. He attested that he was familiar with and trained in the manner that Midland creates and maintains its business records in the regular course of business and that the attached documents were true and correct copies of the originals. He also testified that the records were unaltered and clearly reflected the amount owed by defendant at the charge off date. We further note that defendant's credit report, an objective document, corroborates the underlying debt and Madison's testimony. Accordingly, we find that the affidavit was properly considered as a business record pursuant to N.J.R.E. 803(c)(6).

Defendant also argues that plaintiff was strictly prohibited from initiating and adjudication debt collection matters subject to an executive order passed

during the COVID-19 pandemic. In furtherance of this argument, defendant relies on a contractual provision between Synchrony Bank and plaintiff that prevents the latter from commencing collection actions in a disaster area. The provision provides in pertinent part:

> Without limiting the foregoing, [plaintiff] further represents and warrants that it shall: . . . (x) upon declaration by [the Federal Emergency Management Agency] or any appropriate local, state or federal agency that a location is a disaster area, [plaintiff] agrees to temporarily suspend its collection activities within said area until such time as is reasonable and practicable.

Defendant's argument is baseless. Defendant failed to present evidence that an executive order prohibited the commencement and adjudication of debt collection matters during a state emergency related to the COVID-19 pandemic. Nor has defendant established that there is a contractual bar to plaintiff filing a debt collection suit in a disaster area. Also, the evidence which she relies on for this argument is a contractual provision that was not presented to the court. Even if such a contractual provision applied here, defendant lacks standing to allege a breach of that provision. Where "there is no intent to recognize the third party's right to contract performance, 'then the third person is only an incidental beneficiary, having no contractual standing.'" Ross v. Lowitz, 222 N.J. 494, 513 (2015) (quoting Broadway Maint. Corp. v. Rutgers, State Univ., 90 N.J. 253,

8

259 (1982)).  There is no indication in this record that the contracting parties intended defendant to benefit from the contract.  Rather defendant is merely an incidental beneficiary of the contract between Synchrony Bank and plaintiff and, therefore, has no standing to file suit against plaintiff.  Based on the record before us, we perceive no basis for finding error.

Defendant's arguments that the court abused its discretion in denying her motions is not supported by the record.  These arguments are without sufficient merit to warrant further discussion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0778-20